TEESDALE, Appellant, v. LIEBSCHWAGER et al., Respondents.

(174 N. W. 620.)

(File No. 4573.   Opinion filed November 8, 1919.)

1. **Actions—Malicious Civil Suit Without Probable Cause, Liberty, Property, Not Affected, Whether Action for Damages Lies.**

    An action lies against one maliciously and without probable cause instituting suit, although defendant therein was not deprived of liberty, property, or injured in business.

2. **Same—Civil Suits, Resort to Courts to Determine Rights, Non-discouragement of Under Law—Penalty in Costs, Damnum Absque Injuria.**

    The law's purpose is not to discourage resort to courts for determination of rights or remedies to which plaintiff believes himself entitled; the only statutory penalty inflicted upon one who thus sues and fails to recover, is payment of costs; and while defendant may thus suffer financial loss, his damages are not the result of legal injury—are damnum absque injuria.

3. **Same—Malicious, Civil, Criminal Action, Without Probable Cause, Unlawful—Statute—Malicious Conversion of Remedy, Costs, When Inadequate.**

    To maliciously and without probable cause hale a fellowman into either criminal or civil court, is unlawful, entitling

wronged party to damages under Rev. Code 1919, Sec. 1959, entitling one suffering detriment from unlawful act or omission of another to recover compensation called damages, and Sec. 1960, defining detriment as loss or harm suffered in person or property; and costs allowed suffering defendant do not furnish full indemnity for such malicious perversion of legal remedies, since to thus place one who sues upon same footing as a good faith litigant, would be monstrously unjust and fraught with great public evil in encouraging unscrupulous use of courts for malicious injury to fellow-men.

McCoy, J., not sitting.

Appeal from Circuit Court, Davison County. Hon. FRANK B SMITH, Judge.

Action by George Teesdale against William Liebschwager and others, to recover damages for maliciously and without probable cause suing plaintiff. From a judgment for defendant and from an order denying a new trial, plaintiff appeals. Reversed.

*Seth Teesdale and Thomas L. Arnold,* for Appellant.

*W. W. Reams and H. G. Giddings,* for Respondents.

(1) To point one of the opinion, Respondent cited: Cooley on Torts, Second Ed., pp. 219, 220.

(3) To point three, Appellant cited: Sec 2422, 2286, 2287, 7, Civil Code; Kolka v. Jones (N. D.), 71 N. W. 558; Moberg v. Scott, 38 S. D. 422; A. E. A. Cases, 1918, Vol. A, page 482, and cases cited in note; Con. Art. 6, No. 20.

Respondents cited: 18 R. C. L., pages 13 to 16; 26 Cyc., pages 14 to 16; Jerome v. Shaw, 172 N. C. 862; 90 S. E. 764; L. R. A. 1917 B. 749.

WHITING, J. This appeal presents but one question: Does an action for damages lie against one who maliciously and without probable cause institutes a civil action, in which action the defendant was not deprived of his liberty or property and was not injured in his business? The trial court held that no action lies.

[1] While it is true that the courts of a number of states sustain the conclusion of the trial court, the majority of the American courts hold to the contrary, and sustain what Cyc. terms the "American rule," and we are fully convinced that such rule is founded on sound reasons.

[2] It is not the purpose of the law to unduly discourage any one from resorting to the courts for a determination of rights or remedies to which he in good faith believes himself entitled. It is for this that courts are created, and a good-faith resort to them is the right of every person. The only penalty inflicted by statute upon one who, while acting in good faith in bringing an action, yet fails to recover, is that he must pay certain sums denominated "costs." It is true that a defendant may suffer a heavy financial loss through being sued; but, if the action was brought in good faith, his damages are not the result of a legal injury—the plaintiff was but pursuing a legal right, resulting in damnum absque injuria.

But, while a man has a legal right to, in good faith, resort to the courts for a determination of a claimed legal right or remedy, no person has any right, recognized by the law, to maliciously and without probable cause hale his fellow man into either a criminal or civil court. So to do is unlawful, and entitles the wronged party to damages for the detriment suffered. Sections 1959, 1960, Rev. Code 1919. To hold that statutes, allowing a successful defendant costs, furnish the only indemnity for such defendant, and this whether or no there has been a malicious perversion of legal remedies, places the plaintiff who lawfully uses, and the plaintiff who maliciously perverts the right to sue, upon precisely the same footing with respect to the question of liability for their respective acts. Kolka v. Jones, 6 N. D. 461, 71 N. W. 558, 66 Am. St. Rep. 615. To thus place one who maliciously perverts the remedies which the law has provided for the good-faith litigant upon the same footing as such good-faith litigant would not only be monstrous and unjust, but fraught with great public evil, in that it would encourage the unscrupulous to use our courts as instruments with which to maliciously injure their fellow men.

In support of our conclusion, see 26 Cyc. 15, and 18 R. C. L. 14, as well as the large number of opinions cited therein in support of the "American rule."

The judgment and order appealed from are reversed.

McCOY, J., not sitting.