COOPER, Appellant, v. BAGER, Respondent.

(193 N. W. 137.)

(File No. 5081. Opinion filed April 3, 1923.)

**Malicious Prosecution—Malice—Specific Performance—No Liability for Institution of Suit for Specific Performance in Absence of Malice.**

That one who claimed to be a purchaser of land brought suit against his vendor for specific performance, but was unsucces-

ful, did not subject him to a liability for damages because of the institution of such suit, where the suit was instituted without express or implied malice, though defendant in such suit suffered financial loss through being sued.

Appeal from Circuit Court, Beadle County; Hon. ALVA E. TAYLOR, Judge.

Action by Clifford T. Cooper against Fred C. Bager. From an order directing a verdict for defendant and denying plaintiff's motion for a new trial, plaintiff appeals. Affirmed.

*A. W. Wilmarth,* of Huron, for Appellant.

*Gardner & Churchill,* of Huron, for Respondent.

Appellant cited: Collins v. Whitehead, 34 Fed. 121; Akerly v. Vilas, 23 Wis. 211; 2d Ed., Vol. 25, Am. & Eng. Ency. of L., p. 1078; Gent v. Lynch, 23 Md. 58, 87 Am. Dec. 558; Paul v. Holforty, 63 Pa. St. 16, 3 Am. Rep. 518; Gott v. Pulsifer, 122 Mass, 235, 23 Am. Rpt. 325; Hopkins v. Downe, 21 R. I. 20, 41 Atl. 567; Wilson v. Dubois, 35 Minn. 471, 29 N. W. 68; Stack v. Cultwood, 5 Kan. 141; Swann v. Tappan, 5 Cush. 104; Colley on Torts, 3d Ed., pp. 350-1; Gee v. Culver, 24 Ore. 598, 11 Pac. 302; Peck v. Choteau, 8 West Rep. 321, 91 Mo. 138; Carothers v. McIlhenny, 63 Tex. 138; Pullin v. Glidden, 66 Me. 202; Spear v. Hiles, 67 Wis. 350; Harpham v. Whitney, 77 Ill. 32; King v. Ward, 77 Ill. 32; Schmidt v. Widman, 63 Pa. 173; Buckner v. Com., 14 Bush. 601; Tooney v. State, 5 Tex. Apps. 165; Fessis v. Com., 14 Bush. 362; Walker v. Pitman, 108 Ind. 341; Murphy v. Hobbs, 7 Colo. 541; Bauer v. Clay, 8 Kan. 580; Block v. Meyers, 33 La. Ann. 776; Roy v. Goings, 112 Ill. 656; Thompson v. Force, 65 Ill. 370; Sutckles v. Greer, 95 Ind. 596; Heap v. Parish, 1 West Rep. 837, 104 Ind. 36; Deslonde v. O'Hara, 39 La. Ann. 14; Holliday v. Sterling, 62 Mo. 321; Wanser v. Wyckoff, 9 Hun. 178; Mowry v. Whipple, 8 R. I. 360; Kaufman v. Wicks, 62 Tex. 224; Closson v. Stamples, 42 Vt. 209; Stewart v. Sonneborn, 98 U. S. 187, 25 L. Ed.; Wheeler v. Nesbit, 65 U. S. 24; Emerson v. Cochran, 4 Atl. 498.

Respondent cited: Kelly v. First State Bank (Minn.), 177 N. W. 347; Krause v. Bishop, 18 S. D. 298; Slaughter v. Nolan, 41 S. D. 134; Mallory v. C. M. & St. P. Ry. Co., 34 S. D. 330; Steward v. Sonneborn, 98 U. S. 187, 25 L. Ed. 116; Wheeler v. Nesbit, 65 U. S. 24, 16 L. Ed. 765; Stark v. Chitwood, 5 Kans.

82; Duncan v. Griswold (Ky.), 18 S. W. 354; Maginn v. Schnick (Mo.), 105 S. W. 666; Lovell Co. v. Houghton (N. Y.), 22 N. E. 1066; New Orleans Land Co. v. Slattery (La.), 82 So. 215; 26 Cyc. 20, 47; 25 Cyc. 560, 562.

DILLON, J. This action is brought by the plaintiff against the defendant to recover damages for the alleged malicious prosecution of a civil action in the circuit court of Beadle county, entitled Fred C. Bager v. Clifford T. Cooper.

The case of Bager v. Cooper was commenced October 4, 1917, but was not tried until January 31, 1919, and judgment was entered on April 8, 1919, for Cooper. This action was for the specific performance of an alleged contract for the sale of 320 acres of land in Beadle county. It was claimed by Bager that the correspondence constituted a contract for the purchase of the land.

Bager lived at Wolsey, S. D., and Cooper lived at San Juan, Tex. Letters and telegrams had been exchanged between these parties in the course of the negotiations; the land was identified; various offers made and rejected. On September 4, 1917, Bager wired Cooper making an offer for the land. Cooper replied on September 25th, viz:

"Would not care to accept offer wired. $46 per acre net to me is my price. Have another man in sight who may take same."

September 28th Bager replied:

"Will pay $46 for land. Wire acceptance."

Cooper replied the same date:

"Have sold place at $48 acre net."

The court held in this first action that this exchange of correspondence did not constitute a contract for the conveyance of the real estate and rendered judgment in favor of Cooper. On the trial of the present action Cooper put in evidence the judgment roll in the earlier case, with the lis pendens notice showing the length of time that elapsed between the commencement and the termination of the first action; also that he did not receive the purchase money for the land until after the first action was terminated. During the time that the first action was pending Cooper retained possession of the Beadle county farm, received the

rents therefrom, and paid the taxes thereon, but he failed to state how much rental he had received during the period referred to.

When the plaintiff rested his case, defendant moved for a directed verdict upon the ground that there was no evidence of malice or want of probable cause. The court directed the verdict for defendant and this appeal is taken from the order directing the verdict and from the order denying the motion for a new trial.

All of the evidence in this cause was established by a decree of the court in the previous action, so there could be no dispute as to the facts, and it then became the duty of the court to say whether or not there was proof of malice and a want of probable cause; the entire transaction between the parties being a matter of record. Outside of this record the balance of the case was on the question of damages. This record does not disclose any evidence whatever tending to show that Bager was actuated in the prosecution of the case by either express or implied malice, and the claim for damages would be material only in the event of proof of malice and want of probable cause in the prosecution of that cause.

In Teesdale v. Liebschwager et al, 42 S. D. 323, 174 N. W. 620, this court held:

"It is not the purpose of the law to unduly discourage any one from resorting to the courts for a determination of rights or remedies to which he in good faith believes himself entitled. It is for this that courts are created, and a good-faith resort to them is the right of every person. The only penalty inflicted by statute upon one who while acting in good faith in bringing an action, yet fails to recover, is that he must pay certain sums denominated 'costs.' It is true that a defendant may suffer a heavy financial loss through being sued; but, if the action was brought in good faith, his damages are not the result of a legal injury; the plaintiff was but pursuing a legal right, resulting in damnum absque injuria."

The judgment and order denying a new trial are affirmed.

Note—Reported in 193 N. W. 137. See American Key-Numbered Digest, Malicious Prosecution, Key-No. 26, 26 Cyc. 47, 18 R. C. L. 11, 13.