Note.—Reported in 201 N. W. 706.  See, Headnote (1), American Key-Numbered Digest, Waters and water courses, Key-No. 152(5), 40 Cyc. 739; (2) Pleading, Key-Nos. 192(2), 367(2), 31 Cyc. 282, 644.

---

DAVIS, Appellant, v.  FARMERS  GRAIN  &  PRODUCE COMPANY, Respondent.

(201 N. W. 708.)

(File No. 5309.  Opinion filed December 31, 1924.)

1. **Malicious Prosecution—Damages—Actions—Malicious Unfounded Civil Action Actionable, Though Defendant Not Deprived of Liberty or Property, or Damaged in Business.**

   One who maliciously and without probable cause institutes civil action is liable for damages, though defendant was not deprived of his liberty or property, and was not damaged in business.

2. **Malicious Prosecution—Words and Phrases—"Malicious Prosecution" Defined.**

   The gist of action for "malicious prosecution" is the bringing of an action, civil or criminal, without probable cause, and for purpose of vexing and harassing defendant, putting him to expense and injuring him generally, in property and reputation.

3. **Pleading—Demurrer — Complaint — Demurrer, Nothwithstanding Admissions, Sustainable, if Complaint as Whole States No Cause of Action**

A demurrer, though admitting everything well pleaded, goes to the complaint as a whole, and, if such complaint shows no cause of action, is well taken.

4.  **Malicious Prosecution—Demurrer—Pleadings—Complaint, Showing defendant recovered Something in Former Action, Bad on Demurrer, Though Excessive Claim Was Made.**

Complaint for malicious prosecution, which on its face 'shows that prosecution on which the action is founded resulted in favor of plaintiff there, the defendant here, is bad on demurrer as stating no cause of action, since bringing of action could not have been prompted solely by malice, notwithstanding sum was claimed greatly in excess of judgment rendered.

Appeal from Circuit Court, Hamlin County; Hon. W. N. Skinner, Judge.

Action by John E. Davis against the Farmers' Grain & Produce Company. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed

*Case & Case,* of Watertown, for Appellant.

*Hanten & Hanten,* of Watertown, for Respondent.

· Appellant cited.: Teasdale v. Liebschwager, 174 N. W. 620; 26 Cyc 15, 18 R. C. L. 18; William v. Keyes, 47 Pac. 839; Roth v. Langworthy, 14 N. W. 515; Luke v. Heigler, 58 N. W. 1101; Swenson v. Davis, 59 L. R. A. 501.

Respondent cited: 26 Cyc 55; Crescent City Live Stock et., Co. v. Butchers Union etc. Co., 120 U. S. 141, 30 L. ed. 614, 7 Sup. Ct. Rep. 472; 120 Tenn. 648, 113 S. W. 1044; 4 Tenn. Civ. App. 214; 189 Ill. App. 605; 62 Tex. Civ. 552, 131 S. W. 838.

POLLEY, J. This action is brought to recover damages for malicious prosecution, based upon the prosecution of a civil action, in which there had been no arrest of plaintiff or other molestation of his person or property, and in which the defendant in this action had recovered a judgment.

Defendant is a corporation engaged in buying and selling grain and other merchandise at Castlewood. During the period from July 1, 1915, to July 1, 1918, plaintiff was employed by defendant as manager of its said business. The business of defendant was carried on under the general supervision of a board of five directors, all of whom lived in Castlewood or the imme-

diate vicinity. Two of the members of said board were president and secretary, respectively, thereof, and which board held or purported to hold monthly meetings when they examined the books and accounts of the said business, as kept by plaintiff, and checked up and posted themselves generally relative to the said business, as carried on and conducted by plaintiff. Said board had access to all the books and accounts of said business, and full means of knowing, and did know, the condition of the accounts and property of various kinds belonging to said defendant, and that the said books, accounts, and the state of the business and property of defendant, as carried on and managed by plaintiff, and the conduct of plaintiff, were approved by said board.

After plaintiff quit the employ of defendant, he engaged in business similar to that carried on by defendant, for himself in the town of Castlewood, and in that way became a business competitor of the defendant. Thereupon, or shortly thereafter, defendant commenced an action against plaintiff, which fact is alleged in plaintiff's complaint as follows:

"VII. That after plaintiff left the employ of defendant company, and after he had engaged in competitive business, the said defendant company, without probable cause and with malicious intent, and for the sole purpose of injuring and ruining plaintiff in his business standing, reputation, and good will among the people of Castlewood and vicinity, which he then enjoyed, and for the purpose of hindering him in his business as a competitor of defendant company, maliciously brought and prosecuted to final judgment an action in circuit court in Hamlin county, S. D., in which it falsely and with malicious intent, and without probable cause, and for the express purpose of injuring plaintiff as aforesaid, and in said action charged the plaintiff as follows: .

"That between said dates (meaning between the 1st day of July, 1915, and the 3d day of July, 1918), and while said obligation was in full force and effect (meaning and referring to the surety bond given as aforesaid), the said defendant, John E. Davis, fraudulently appropriated and converted to his own use, with the intent to deprive this plaintiff thereof, certain moneys, grain, twine, and other personal property belonging to this plaintiff, and entrusted to the care, custody and control of said defendant, Davis, to the amount and value of $6,435.24.'

"VIII.   That all of said charges were false and untrue, and were so known to be false and untrue by this defendant, its officers and board of directors, and were so made without probable cause, but made to injure said plaintiff as hereinbefore alleged.

"IX.   That plaintiff was required to and did employ attorneys in said action, filed an answer, and joined issue therein, denying said charges and the whole thereof, and said action thereafter proceeded to trial in said court, and was tried and proceeded to final judgment in said court, and in the findings of said court and judgment entered thereon plaintiff was found not guilty, and wholly exonerated from any and all intentional acts of dishonesty on the part of said Davis amounting to larceny or embezzlement, and was wholly exonerated from conversion or missappropriation of any of defendant's property, and wholly exonerated from all obligations to said defendant company by reason of said employment, except the sum of $378.02, of which the court found the plaintiff indebted to the defendant company, resulting from the methods of keeping books employed by the said John E. Davis, with the knowledge and acquiescence of defendant, and with the volume of business conducted errors and omissions only were made, not amounting to any dishonesty or to any disreputable act on the part of plaintiff, all of which acts were easily ascertainable, and were known to said company, all the books and records and means of knowledge being ascertainable, and at all times in the possession of said defendant.

"X.   That, after the bringing of said action and during the time of prosecution thereof, said defendant, with malice and malicious intent to further injure this plaintiff, published and made as public as possible the fact that such suit had been brought and the grounds thereof, for the purpose of injuring plaintiff in his business reputation, and to cause him, and it did cause him, grievous mental suffering, and all the facts above complained of did bring on plaintiff grievous mental suffering, loss of reputation for honor and integrity, great and serious loss of business.

"XI.   That to defend himself against the false and malicious charges of said defendant plaintiff was obliged to and did employ expert accountants to go over the books of said defendant company; and did spend of his time a large portion thereof and employed counsel to defend him in said action, and plaintiff was by said malicious acts of said defendant irreparably damaged and

damaged in his reputation, personal feelings, mental suffering, loss of business, in the sum of $20,000, and also put to the expense of defending and defeating   of said action by employing expert accountants, counsel, and other necessary expense in the sum of $3,000."

A demurrer to this complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was sustained by the trial court, and plaintiff appeals.

[1]   It is the settled law in this state that one who maliciously and without probable cause institutes a civil action is liable in an action for damages, although the defendant was not deprived of his liberty or property, and was not damaged in his business. Teesdale v. Liebschwager, 42 S. D. 323, 174 N. W. 620; Id., 44 S. D. 58, 182, N. W. 314. To maliciously and without probable cause institute a criminal prosecution constitutes a cause of action for malicious prosecution. 26 Cyc. 10. And, if a criminal prosecution is instituted for the purpose of collecting a debt, that fact alone will warrant a finding that it was without probable cause. Lueck v. Heisler, 87 Wis. 644, 58 N. W. 1101. Again, "if one institute a criminal prosecution knowing that a civil wrong only has been committed, he will be deemed to have acted maliciously." White v. Text-book Co., 156 Iowa, 210, 136 N. W. 121, 42 L. R. A. (N. S.) 346; Lueck v. Heisler, supra; Ross v. Langworthy, 13 Neb. 492, 14 N. W. 515. This case does not fall strictly within either of the above rules.

[2-4]   The gist of the action for malicious prosecution is the bringing of an action, civil or criminal, without probable cause, and for the purpose of vexing and harassing the defendant, putting him to the expense of defending himself, disgracing him in his community, and injuring him generally in his property and reputation.   Plaintiff, in this case, alleges that the action was brought and prosecuted against him for the "sole purpose of injuring and ruining plaintiff in his business standing, reputation, and good will among the people of Castlewood and vicinity," and it is the contention of appellant that by its demurrer respondent admits the truth of this allegation.   Of course, a demurrer admits everything that is well pleaded, but the demurrer goes to the complaint as a whole, and the complaint on its face shows that the plaintiff in the former action recovered a judgment against

plaintiff in that action; therefore that action was not brought without "probable cause," nor for the sole purpose of injuring or harassing the appellant. It is true respondent claimed a sum vastly in excess of what was actually due respondent, but, so long as there was something due from appellant to respondent, the bringing of the action could not have been prompted solely by malice. Respondent may have believed itself entitled to the amount claimed.

The case of Swepson v. Davis, decided by the Supreme Court of Tennessee, 59 L. R. A. 501 (19 Tenn. 99, 70 S. W. 65), cited by appellant, does not support his contention. The third syllabus of that case reads as follows:

"The court will not, in an action for malicious prosecution, look behind the final judgment in the original suit, and ascertain whether or not, upon the contentions made by the bill as a whole the defendant against whom the judgment was entered was in fact the successful party."

There is, however, a class of cases in which a party may recover as for malicious prosecution, although the judgment in the former action was against him. This is where it is shown the judgment was brought about by fraud, collusion, or perjury. Antcliff v. June, 81 Mich. 477, 45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. Rep. 533; but the present case does not come within that class of cases.

It is contended by respondent that the defamatory matter contained in the complaint in the former action is privileged under the provisions of subdivision 2 of section 99, R. C. 1919, and cannot in any case entitle plaintiff to a recovery. This phase of the case is not argued by appellant, and for that reason we refrain from passing upon that question at this time. But, so far as this action is based upon malicious prosecution of the former action, we are satisfied that plaintiff is not entitled to recover, and that the demurrer was properly sustained.

The order appealed from is affirmed.

DILLON, J., not present.

Note.—Reported in 201 N. W. 708. See, Headnote (1), American Key-Numbered Digest, Malicious prosecution, Key-No. 11, 26 Cyc. 16; (2) Malicious prosecution, Key-No. 16, 25 Cyc. 20; (3) Pleading, Key-No. 214(8), 31 Cyc. 289, 333; (4) Malicious Prosecution, Key-No. 37, 26 Cyc. 55.