[No. H007823. Sixth Dist. Feb. 15, 1991.]

C. GREGORY JELLINEK, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
SHIRLEY DUVALL, Real Party in Interest.

COUNSEL

Charles Bond, Stefanie Y. Gandolfi, Mark P. Epstein, Craddick, Candland & Conti, Richard J. Conti and Kevin N. Goodman for Petitioner.

No appearance for Respondent.

M. Van Smith for Real Party in Interest.

OPINION

BAMATTRE-MANOUKIAN, J.—This is a statutory petition for a writ of mandate, Code of Civil Procedure section 418.10, subdivision (c),[1] to compel quashing service of summons. On May 6, 1988, plaintiff and real party in interest Duvall sued petitioner and defendant, Dr. Jellinek, in the small claims court for malpractice connected with plastic surgery performed on May 7, 1987, seeking damages of $1,500. Sometime in April 1990 after the statute of limitations had run,[2] Duvall moved for a transfer to superior court, using papers prepared by an attorney, on the ground that her damages exceeded $25,000. Jellinek defaulted in the small claims court on the hearing on the motion to transfer, and a temporary judge ordered the matter transferred to superior court. Following transfer, Duvall's attorney mailed a copy of the complaint to Jellinek, who moved to quash the service of summons. The trial court denied the motion on the ground that section 396 authorizes the transfer. Jellinek seeks writ review as authorized by statute, contending that the transfer here was not authorized by law and violates the rules governing small claims court procedures. We agree that the law does not authorize transfer of a case from small claims court to superior court, on the plaintiff's motion, after the running of the statute of

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] The applicable statute of limitations required suit be brought within three years after the injury or one year after actual or constructive discovery of it, whichever date is earlier. (§ 340.5.) Duvall must have discovered her injury at the latest on the day she filed her small claims action, namely on May 6, 1988. Accordingly the limitations period expired one year from that date, on May 6, 1989. Her activities to transfer the case to superior court began sometime in April 1990, beyond the limitations period.

limitations, for the purpose of allowing the plaintiff to increase her prayer for damages.

## RECORD

Jellinek operated on Duvall on May 7, 1987. Duvall filed her original claim for $1,500 damages in small claims court on May 6, 1988. After two postponements, the trial date was set for July 27, 1988, on which date Jellinek appeared but the case was dropped from the calendar with the statement that the "only way plaintiff may recalendar is to bring a motion to the attention of the court and defendant." Duvall did nothing further to prosecute her claim for 22 months.

The next entry in the small claims court file is a memorandum from a commissioner of the court to Duvall dated April 16, 1990, saying "[w]e can not file amended complaints in Small Claims for over $2,000. We can not transfer to Superior Court unless a complaint is already on file there." Following that entry, an attorney representing Duvall wrote a letter dated May 9, 1990, to the clerk of the municipal court saying that Duvall wanted to amend the complaint she had on file to allege an amount that is within the jurisdictional limit of the superior court; if she were to file a complaint in the superior court it would be dismissed because the statute of limitations had run; therefore "[t]he only way she can get to [s]uperior [c]ourt is to amend the complaint she has on file." Accompanying that letter were (1) a pleading captioned "Notice of Motion To Amend Complaint and To Transfer Case to Superior Court" purportedly prepared by Duvall in propria persona requesting leave to file an amended complaint alleging damages within the superior court's jurisdiction and requesting transfer to that court; (2) a declaration of the attorney stating his opinion that Duvall's claim for damages exceeds $25,000; (3) Duvall's declaration stating the details of her claim for damages for improperly performed plastic surgery on her nose; (4) a proposed complaint for damages captioned in the Superior Court for the County of Santa Clara, prepared by the attorney for Duvall, and stating a general malpractice claim against Jellinek in excess of $25,000.

Jellinek did not appear at the hearing on the motion to transfer which took place on June 19, 1990. He claims, in the petition for review, that he did not have counsel and did not then appreciate the significance of that motion. At the hearing a judge pro tempore granted the motion for transfer to superior court. No copy of this order was served on Jellinek. He did later receive notice of a small claims appeal, notice of a small claims appeal trial date, and a notice that the trial date had been vacated, which papers he believes show that the superior court personnel originally assumed that Duvall had filed a small claims appeal rather than a transfer.

Counsel for Duvall mailed to Jellinek a copy of the complaint filed in superior court on July 20, 1990, unaccompanied by a summons. Jellinek moved to quash service of summons, but his motion was denied without opinion. The judge who heard the motion stated at the hearing that he believed section 396 authorized the transfer.

## DISCUSSION

Section 396 in relevant part provides "[i]f an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this state which has such jurisdiction, the action or proceeding shall not be dismissed . . . but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter . . . ."

Duvall argues that this statute authorizes the transfer because her damages exceed the jurisdictional limit of the small claims court and therefore her case falls within the literal language of the statute permitting transfer from a court which lacks jurisdiction to one having jurisdiction. However, the small claims court did not lack jurisdiction of Duvall's original malpractice lawsuit against Jellinek. Regardless of the size of the actual damages, a plaintiff intentionally waives excess damages over the small claims court jurisdictional limit when she chooses to file her case in the small claims court. The typical case of transfer under section 396 is where in the course of pleading or trial in a municipal court, it appears that the plaintiff may be able to prove damages greater than anticipated. (E.g., *Thomasian* v. *Superior Court* (1953) 122 Cal.App.2d 322, 338-9 [265 P.2d 165] [hereafter *Thomasian*].) But small claims court rules do not have pretrial procedures or formal pleadings, and matters in the small claims court are relatively quickly processed. Accordingly unlike the situation in the municipal court, there would normally be neither time nor opportunity in a small claims proceeding for drastic changes to occur in relevant circumstances such as the plaintiff's appreciation of the extent of her damages. It is sensible to assume that the very act of electing to bring a small claims action implies Duvall's waiver of all damages over the jurisdictional limit, in order to attain a swift and informal recovery without the necessity of legal representation. We do not believe that section 396 applies to such cases.

Former section 116.8, subdivision (b), provides a mechanism for a defendant with a cross-claim against plaintiff over the small claims jurisdictional limit to sue in superior court and seek a transfer, which may be granted as to the entire case if the interests of justice so require. (Otherwise

the small claims case is tried first.) There is no specific authority for a plaintiff in small claims court to seek a transfer when she changes her mind about the amount of damages she chooses to seek. As Jellinek argues, the Legislature could have provided a corresponding right of transfer to a plaintiff if it so chose, but it has not. That omission strongly suggests a lack of intention to authorize such a maneuver. (See e.g. *Crouchman* v. *Superior Court* (1988) 45 Cal.3d 1167, 1172 [248 Cal.Rptr. 626, 755 P.2d 1075] [fact the Legislature never expressly provided for a jury trial on a small claims appeal although it did provide such a right following judicial arbitration evidences legislative intent not to authorize a jury trial on a small claims appeal].)

Further, even under section 396, a transfer to be approved must further the ends of justice. (*Thomasian, supra*, 122 Cal.App.2d 322.) Here Jellinek says justice would be subverted. The original claim was allowed to lie fallow for two years. This unexcused delay in itself is prejudicial. Then, the case was revived by a lawyer who advised Duvall she should get the matter transferred to superior court to avoid the bar of the statute of limitations. The use of an attorney in a small claims proceeding is of course forbidden, except to render advice to a party before or after the commencement of the action. (Former § 117.4.) Here the advice given encompassed conceiving a sophisticated transfer strategy and preparing a formal motion to transfer the case, including a complaint bearing the attorney's name and ready to file in the superior court. The motion had an attached proposed complaint signed by counsel as attorney for Duvall, the attorney's declaration, and a proof of service, all on counsel's pleading paper and obviously attorney-prepared. Jellinek says this filing of papers "obviously prepared by counsel" in a small claims matter clearly mocks the letter and spirit of former section 117.4. This procedure violates the small claims court rules and the above statute. For this reason as well, Jellinek argues, this transfer does not do justice.

Finally, Jellinek excuses his failure to appear for the hearing on the motion to transfer as follows: he says that he was necessarily unrepresented in small claims court, also thought the matter had long since died, and failed to appreciate the significance or import of the notice of motion to transfer served on him. He therefore did not appear. He notes the obvious unfairness of the procedure in which Duvall was essentially represented by counsel to make a sophisticated procedural motion which ought not to happen at all in small claims court, while the unrepresented defendant was caught unawares. Had the rules of the small claims game been observed such a motion could not be made. Also, since there is no specific authority for such a transfer procedure, Jellinek submits that it is wholly incompatible with the small claims concept and therefore ought not to be authorized.

■ It has been repeatedly pointed out that we must protect the informal nature and the simplicity of small claims procedures in order to preserve the nature of that forum as one which yields speedy commonsense justice without the need to resort to lawyers. (See e.g. *Sanderson* v. *Niemann* (1941) 17 Cal.2d 563, 573 [110 P.2d 1025]; *Perez* v. *City of San Bruno* (1980) 27 Cal.3d 875, 884 [168 Cal.Rptr. 114, 616 P.2d 1287]; *Pace* v. *Hillcrest Motor Co.* (1980) 101 Cal.App.3d 476, 478-479 [161 Cal.Rptr. 662]; *Crouchman* v. *Superior Court, supra,* 45 Cal.3d at p. 1171.) For example, it has been held that permitting a malicious prosecution lawsuit to be based on a small claims prosecution would "frustrate the intent of the Legislature in adopting an expeditious and informal means of resolving small disputes, . . . and would require a prudent claimant to consult with an attorney before making use of this supposedly attorney-free method for settling disputes over small amounts." (*Pace* v. *Hillcrest Motor Co., supra,* at p. 479. See also *Cooper* v. *Pirelli Cable Corp.* (1984) 160 Cal.App.3d 294 [206 Cal.Rptr. 581] [also holding a malicious prosecution action may not be founded on a small claims suit].) Similarly, if a small claims lawsuit had the potential to become, at plaintiff's option, a larger superior court lawsuit after expiration of the statute of limitations, a prudent defendant would consult with an attorney before allowing a small claims action to go by default, and again the legislative intent to keep small claims proceedings inexpensive and attorney-free and to encourage prompt resolution of those claims would be frustrated.

■ Duvall argues that the general statute governing transfers from courts lacking jurisdiction, namely section 396, must apply to a transfer from the small claims division of the municipal court because no limiting language in the statute prevents that application. (See also § 34 [rules of procedure in the Code of Civil Procedure apply to all courts]; *Burley* v. *Stein* (1974) 40 Cal.App.3d 752, 759 [115 Cal.Rptr. 279].) However, section 34 excepts from the code's general sweep cases where "special provision is made for particular courts, or where a general provision is not applicable by reason of jurisdictional limitations." The decisions cited above have articulated for small claims courts the special provision that their informal and nontechnical procedures be maintained. This goal is specifically implemented by the statutes and court rules which create the small claims court. (Code Civ. Proc., pt. I, tit. I, ch. 5A, § 116 et seq.; Cal. Rules of Court, tit. IV, div. IV.) Within that statutory scheme, as stated above, a statute specifically provides for transfer to municipal court from small claims court at the behest of a defendant, and no such corresponding provision is made for a plaintiff. (Former § 116.8, subd. (b).) It follows that the lack of specific provision for such a procedure as well as its inherent inconsistency with the goals of the small claims process requires us to conclude the procedure is not available.

Duvall further argues that the *Thomasian* case supports the trial court ruling here because it supports the power of the municipal court to allow an amendment to a pleading which ousts that court of jurisdiction and requires a transfer to a higher court. But *Thomasian, supra,* 122 Cal.App.2d 322 was not a small claims case, and of course the concept of "pleading" and of "amendments to pleadings" are foreign to the small claims court where actions are prosecuted on judicial council forms and where technicalities of pleading are nonexistent. Further, another aspect of the *Thomasian* decision actually supports Jellinek here. In *Thomasian* after the municipal court had allowed an amendment which ousted it of jurisdiction, the superior court appellate department undertook to annul that order in response to a petition for an original writ. The appellate department was not the division or department of the superior court authorized to hear and determine original proceedings. The Court of Appeal in *Thomasian,* in concluding that the appellate department had no power to review the municipal court order in question, pointed out that the judicial council had adopted separate rules governing the appellate department of the superior court and that the statutes in the Code of Civil Procedure similarly defined the functions of the appellate department separately from those of the superior court sitting as a court of general jurisdiction. (*Thomasian, supra,* 122 Cal.App.2d at p. 331.) Accordingly, *Thomasian* treated the appellate department as a separate judicial entity and denied it the powers available generally to the superior court. (*Id.* at pp. 330-333.) This reasoning applies here by analogy. ■ Because the small claims court is similarly separately defined, with its own rules, procedures, and enabling legislation, and indeed because the judicial precedent has taken pains to maintain that separateness and consequent informality of the small claims court, that court cannot be considered as simply another division of the municipal court, invested with the same general powers as appertain to that body. Instead, when inquiring as to the applicability of a general statute such as section 396 in the small claims court, it is necessary to consider whether that application would interfere with the special purposes of the small claims court. We believe that in this case permitting the transfer at the plaintiff's instance on the ground of increase in damages would defeat that purpose.

Duvall argues that it is unfair for her not to be able to maintain her case in a court where she can recover the damages of which she has only now become aware. That may be, but it must be noted that had she discovered these damages before expiration of the applicable period of limitations she would have had no problem, since she had but to dismiss her small claims action and refile in superior court. ■ Small claims decisions have only limited collateral estoppel effect as to issues actually litigated and are not res judicata. (*Perez* v. *City of San Bruno, supra,* 27 Cal.3d at p. 884; *Mackinder* v. *OSCA Development Co.* (1984) 151 Cal.App.3d 728, 735 [198 Cal.Rptr.

864]; *Sanderson* v. *Niemann, supra,* 17 Cal.2d at pp. 573-575.) The Legislature, by enacting statutes of limitations, has determined that it is not unfair to require a plaintiff to discover and act upon her damages within the relevant periods, or at least that any such unfairness is counterbalanced by the considerations favoring the application of statutes of limitations, such as preventing stale lawsuits and putting an end to exposure to liability. Therefore, Duvall here is no more disadvantaged than any other plaintiff who does not realize the extent of her injury until after the limitations period has run. The mere fact that she filed a small claims action has no bearing on the quantum of unfairness to her or the equitable considerations here generally. Duvall should not be able to derive any special advantage from having filed a small claims action because such an action is not fair notice to the defendant that he may be liable for anything beyond the jurisdictional limit of the small claims court. Also, statutes of limitations are normally tolled by the filing and service of a complaint because that event should cause a prudent defendant to consult a lawyer or to take other protective action. But the filing of the small claims action, as stated above, should not have that effect; defendant should not need to consult an attorney and he should be able to assume a definite monetary limit on his potential liability in the action. Accordingly, no reason of fairness requires that we treat the filing of a small claims action as tolling the statute of limitations for an entirely different kind of liability, namely a lawsuit for much greater damages which requires legal representation. From defendant's standpoint it is fair that after expiration of the limitations period he be entitled to assume immunity from liability except within the scope of the action already filed, an action limited by the money limit on damages recoverable in small claims court.

We conclude that the transfer here was not authorized and vested no jurisdiction in the superior court to hear this matter. Accordingly we will issue a writ restoring the status quo ante, which as we view it requires a remand to the small claims court where the matter was last pending. Jellinek has suggested that he may have various defenses in that court based on delay or failure to serve him properly at the outset. If so he is free to pursue them in that forum; these matters are not properly before us now.

DISPOSITION

Duvall has been notified that a peremptory writ in the first instance could be issued here, and she has filed opposition. The peremptory writ of mandate will issue in the first instance. (§ 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a writ of mandate issue directing the respondent superior court to grant Jellinek's motion to quash service of summons and to make an order

remanding this matter to the small claims court where it was first filed for such further proceedings there as may be appropriate. Jellinek shall recover costs in this proceeding.

Capaccioli, Acting P. J., and Elia, J., concurred.