[No. H018043. Sixth Dist. Nov. 10, 1998.]

DEBBIE ROSENBERG et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
JEANETTE CANTU, Real Party in Interest.

[And five other cases.]*

*Brutsche v. Superior Court (No. H018044); Nguyen v. Superior Court (No. H018049); Robson v. Superior Court (No. H018050); Diep v. Superior Court (No. H018051); Hines v. Superior Court (No. H018052).

## COUNSEL

Ropers, Majeski, Kohn & Bentley, Susan H. Handelman, Mark G. Bonino, Eva Yablonsky and Terry Anastassiou for all Petitioners.

Robinson & Wood and Kenneth I. Schumaker for Petitioner in No. H018052.

Joan R. Gallo, City Attorney (San Jose), George Rios, Assistant City Attorney and Timothy S. Spangler, Deputy City Attorney, as Amici Curiae on behalf of all Petitioners.

No appearance for Respondent.

Mark Stawicki for Real Party in Interest in No. H018044.

David T. Burse, Jeffrey A. Miller and Mark J. Carlozzi for Real Party in Interest in No. H018050.

Michael G. Regan for Real Parties in Interest in No. H018052.

OPINION

PREMO, Acting P. J.—

### INTRODUCTION

The defendants in six municipal court personal injury actions petitioned this court for six writs of mandate directing the Santa Clara County Superior Court to vacate its order of January 5, 1998, denying their petitions for writ of mandate below. The petitions below sought to vacate the orders of the municipal court transferring each case to small claims court, over defendants' objections. We granted an alternative writ and issued an order to show cause to determine an issue of first impression: whether the municipal court may transfer actively litigated cases from its own docket to its small claims division when the plaintiff voluntarily waives damages in excess of $5,000.

We find that the municipal court is not empowered to order such transfers and therefore issue a peremptory writ directing the superior court to vacate its order and to enter a new order granting the six petitions for writ of mandate. As we shall further explain, the purpose of small claims court is to quickly and inexpensively resolve small civil disputes, and this purpose is frustrated when a case is transferred to small claims court after it has been litigated in municipal court. We also find there is no authority which permits transfer from municipal court to small claims court.

### FACTUAL AND PROCEDURAL BACKGROUND

All six petitions for writ of mandate concern personal injury cases with very similar factual and procedural backgrounds. Each case arose from a minor automobile accident involving a rear-end collision, and was initially filed in either municipal or superior court in 1996. The superior court cases were later transferred by stipulation of the parties to municipal court.

Defendants answered the complaints, and discovery took place in all cases. In some cases, depositions were taken and expert medical evaluations and accident reconstruction reports obtained by defendants. Nonbinding judicial arbitration was completed in four cases. All of the arbitration awards issued in favor of the plaintiff, and the amount of the awards ranged from approximately $4,000 to $13,000. Defendants rejected all of the awards, and requested trial de novo in each case.

The municipal court then set pretrial conferences and trial dates in each of the six cases. Around the time of the pretrial conferences, the plaintiffs

voluntarily agreed to waive their claims to damages over the small claims court jurisdictional limit of $5,000. The cases were then transferred to small claims court upon either a noticed motion, an informal motion made during the pretrial conference, or the sua sponte motion of the municipal court judge.

Defendants challenged the propriety of the orders transferring their cases to small claims court, by way of petitions for writ of mandate to the superior court. The City of San Jose was permitted to file amicus briefing in support of the defendants' petitions.[1] The superior court issued an alternative writ in each case, and set oral argument regarding all six petitions.

After hearing oral argument, the superior court denied all six petitions for writ of mandate in its order of January 5, 1998. Petitioners now seek writ relief from the superior court's order. We consolidated the six petitions for writ of mandate on our own motion, issued an alternative writ and order to show cause, and stayed all trial court proceedings pending our decision on the petitions.

## DISCUSSION

### 1. *A Writ Petition Is the Proper Means of Appellate Review*

A superior court judgment which grants or denies a petition for writ of mandate directed to a municipal court, regarding a matter pending in the municipal court, is nonappealable. (Code Civ. Proc., § 904.1, subd. (a)(1)(D).)[2] However, the party aggrieved by the judgment may seek interlocutory appellate review by filing a new petition for a writ of mandamus or prohibition with the appellate court. (§ 904.1, subd. (a)(1)(D); see, e.g., *Baluyut* v. *Superior Court* (1996) 12 Cal.4th 826, 829, fn. 3 [50 Cal.Rptr.2d 101, 911 P.2d 1].)

In the present case, the petitions for writ of mandate below were directed to the municipal court with regard to the municipal court personal injury actions in which petitioners are defendants. Petitioners are therefore entitled to seek appellate review of the superior court's order denying their petitions for writ of mandate as they have done, by filing new writ petitions with this court.

We now review the superior court's order to determine if the superior court abused its discretion in denying the petitions for writ of mandate. Our

---

[1]We granted the City of San Jose permission to file an amicus curiae brief in support of the consolidated petitions for writ of mandate.

[2]Further statutory references are to the Code of Civil Procedure unless otherwise noted.

reasons for concluding that the superior court did abuse its discretion are explained below.

## 2. *The Small Claims Court Is Designed for Quick and Inexpensive Resolution of Claims*

Pursuant to the Small Claims Act (hereafter, Act), each municipal court must establish a small claims division whose jurisdiction includes claims for recovery of money in the amount of $5,000 or less. (§§ 116.210, 116.220, subd. (a)(1).) ■ The Legislature's intent in forming the small claims court was described by the Supreme Court: "to formulate a method of procedure for small claims of all kinds, which would obviate the expense and delay due to ordinary methods of litigation . . . growing out of the demand for more simple, less expensive, and more speedy decisions of cases involving small amounts." (*Leuschen* v. *Small Claims Court* (1923) 191 Cal. 133, 138 [215 P. 391].)

The aim of the Legislature to reduce the time and cost required to resolve small claims by establishing a special forum is express in the Act, which states: "In order to resolve minor civil disputes expeditiously, inexpensively, and fairly, it is essential to provide a judicial forum accessible to all parties directly involved in resolving these disputes." (§ 116.120, subd. (b); see, e.g., *Acuna* v. *Gunderson Chevrolet, Inc.* (1993) 19 Cal.App.4th 1467, 1470 [24 Cal.Rptr.2d 62].)

The Legislature also established procedures for small claims courts which reflect its understanding that " 'only by escaping from the complexity and delay of the normal course of litigation could anything be gained in a legal proceeding which may involve a small sum.' " (*Lekse* v. *Municipal Court* (1982) 138 Cal.App.3d 188, 191 [187 Cal.Rptr. 698], quoting *Sanderson* v. *Niemann* (1941) 17 Cal.2d 563, 573-574 [110 P.2d 1025].) For example, no formal pleading, other than a simple claim form, is required in small claims court. (§ 116.310, subd. (a).) Pretrial discovery and representation by attorneys are both prohibited. (§§ 116.310, subd. (b), 116.530, subd. (a).) Also, hearing dates in small claims cases must be scheduled no more than 70 days from the date of the order setting the hearing, although the court is empowered to order continuances. (§§ 116.330, subd. (c), 116.570, subds. (a), (c).)

The Act also mandates that "[t]he hearing and disposition of the small claims action shall be informal, the object being to dispense justice promptly, fairly, and inexpensively." (§ 116.510.) Accordingly, "[a]t the hearings the presentation of evidence may be sharply curtailed, and the proceedings are often terminated in a short space of time. The awards—

although made in accordance with substantive law—are often based on the application of common sense; and the spirit of compromise and conciliation attends the proceedings." (*Sanderson* v. *Niemann, supra,* 17 Cal.2d at p. 573.)

As we have previously determined, the special nature of the small claims court means that the small claims court "cannot be considered as simply another division of the municipal court." (*Jellinek* v. *Superior Court* (1991) 228 Cal.App.3d 652, 659 [279 Cal.Rptr. 6].) In ruling upon issues involving the small claims court, we must "protect the informal nature and the simplicity of small claims procedures in order to preserve the nature of that forum as one which yields speedy commonsense justice without the need to resort to lawyers." (*Id.* at p. 658.)

Keeping in mind the special nature and purpose of the small claims court, we turn to the issue before us: whether the municipal court may transfer actively litigated cases from its own docket to its small claims division when the plaintiff voluntarily waives damages in excess of $5,000.

3. *Transfer From Municipal Court to Small Claims Court Is Unauthorized and Is Not in the Interests of Justice*

■ The issue before us involves an apparent conflict between the inherent power of the municipal court to control its own calendar and docket, versus the statutory purpose of the small claims court to serve as means of quickly and inexpensively resolving small civil disputes. We resolve the issue in favor of preserving the purpose and function of the small claims court.

(a) *The Court's Authority to Transfer Is Limited*

Both the Small Claims Act and the Code of Civil Procedure are silent as to transfers *from* municipal court *to* small claims court. The only type of small claims transfer expressly authorized by the Act is a transfer *from* small claims court *to* municipal or superior court at the request of a defendant whose cross-claim exceeds the jurisdictional limits of small claims court. (§ 116.390; *Acuna* v. *Gunderson Chevrolet, Inc., supra,* 19 Cal.App.4th at p. 1472.)

Transfers between municipal and superior courts are authorized by section 396. Section 396 provides that transfer is proper when an action is commenced in a court which lacks subject matter jurisdiction. We held in *Jellinek* v. *Superior Court* that plaintiffs are not authorized by section 396 to

transfer cases from small claims court to superior court after the statute of limitations has run. (228 Cal.App.3d at p. 654.) In so ruling, we stated: "It follows that the lack of specific provision for such a procedure as well as its inherent inconsistency with the goals of the small claims process requires us to conclude the procedure is not available." (*Id.* at p. 658.)

The same analysis applies to resolve the issue before us, although it is the reverse of the issue considered in *Jellinek*. Instead of seeking to transfer a claim from small claims court to municipal court, real parties have obtained transfer from municipal court to small claims court. Petitioners argue that transfers from municipal court to small claims court have no statutory authorization. We agree.

The plain language of section 396 permits transfer only when the transferring court lacks jurisdiction of the subject matter. Thus, a transfer from superior court to municipal court is proper when it is reasonable to conclude that the verdict in the case will necessarily fall short of the superior court's jurisdictional requirement of a claim exceeding $25,000. (*Walker* v. *Superior Court* (1991) 53 Cal.3d 257, 270 [279 Cal.Rptr. 576, 807 P.2d 418].)

In the present case, the municipal court did not lack jurisdiction over the cases at bar. The municipal court's jurisdiction over matters in which less than $25,000 is in controversy, pursuant to section 86, subdivision (a)(1), necessarily encompasses claims for recovery of money in the amount of $5,000 or less. As a result, the municipal court and the small claims court *both* have jurisdiction over claims in the amount of $5,000 or less.

Accordingly, section 396 does not authorize transfer of small claims from municipal court to small claims court, because the municipal court does not lack subject matter jurisdiction over the claims. A claimant may elect to seek recovery of $5,000 or less by filing a case in either municipal court or small claims court, but the municipal court is not empowered by section 396 to transfer the case to small claims court.

The arguments of real parties in interest to the contrary are unpersuasive. They argue that the municipal court has broad inherent transfer powers, and that it is well established that a court may freely transfer cases between departments. We agree that the power to transfer, as well as the authority to control calendars and dockets, are part of the court's inherent authority. (*Walker* v. *Superior Court, supra,* 53 Cal.3d at p. 267.) However, this inherent authority is not sufficient to permit transfers of actively litigated municipal court cases to small claims court.

As we have previously discussed, the small claims court is not simply another division or department of the municipal court for purposes of

transfer. (*Jellinek* v. *Superior Court, supra,* 228 Cal.App.3d at p. 658.) Moreover, the power to transfer is not absolute. A transfer must further the ends of justice. (*Id.* at p. 657.) We conclude that justice is not served when an actively litigated municipal court case is transferred to small claims court.

### (b) *Transfer to Small Claims Court Frustrates the Purpose of Small Claims Court*

Petitioners offer the compelling argument that transfer of their cases to small claims court after one or two years of active litigation in municipal court does not further the interests of justice. We agree that such transfers are not in the interests of justice because they defeat the purpose of small claims court to resolve minor civil disputes quickly and inexpensively.

Once a complaint is filed and served in municipal court, the defendant must, at a minimum, incur the time and expense involved in preparing and filing a formal answer to the complaint. The cases at bar are typical of the time-consuming and expensive litigation which is likely to ensue. All parties retained attorneys to represent them, pretrial discovery was conducted, experts were retained and judicial arbitration completed in some cases, pretrial conferences were held, and trial was not set for one or two years.

In contrast, when a simple claim form is filed in small claims court, a hearing may be set within the next two or three months. No pretrial discovery is undertaken, and the parties represent themselves in a short, informal hearing. In this manner, the time and expense necessary to resolve the small claim can be kept down to an amount less than the value of the claim itself.

As the real parties in the cases at bar apparently realized, when a small claim is litigated in municipal court, the expense of litigation, and perhaps the cost of the trial alone, may exceed the value of the claim. Real parties' desire to conclude their cases by way of a brief small claims hearing, rather than a municipal court jury trial, is therefore understandable. However, transfer of their cases to small claims court must not be allowed.

Real parties cannot dispute that their claims have now been litigated for over one year, and that the course of litigation has not been quick or inexpensive. Speedy and low-cost resolution of small claims is only possible when the claim is initially filed in small claims court and immediately subject to the abbreviated small claims procedures. Filing and litigating the claim in municipal court first has the effect of preventing the kind of quick resolution for which small claims court is designed.

We emphasize again that we are compelled to protect "the nature of [the small claims] forum as one which yields speedy commonsense justice without the need to resort to lawyers." (*Jellinek* v. *Superior Court, supra,* 228 Cal.App.3d at p. 658.) Dropping a fully litigated municipal court case into small claims court harms, rather than preserves, the informal nature and simplicity of small claims court. Once a small claim has been litigated in municipal court, it is impossible to go backward in time and process the claim through quick and informal means.

We acknowledge real parties' arguments that a defendant benefits from transfer from municipal court to small claims court because the defendant's maximum exposure is instantly reduced from $25,000 to $5,000. We also acknowledge that municipal court judicial economy may benefit, because the municipal court will not have to spend several days on the jury trial of a case all parties agree is worth less than $5,000.

However, these arguments do not overcome the harm to the efficiency and integrity of the small claims court process which such transfers will inevitably cause. Moreover, we note our Supreme Court has cautioned that transfers cannot be used as an " 'unfettered means of clearing crowded [superior court] calendars.' " (*Walker* v. *Superior Court, supra,* 53 Cal.3d at p. 271, quoting *Williams* v. *Superior Court* (1989) 216 Cal.App.3d 378, 387 [264 Cal.Rptr. 677].)

For these reasons, we conclude that once a case is filed in municipal court, it may not be transferred to small claims court even if plaintiff agrees to waive damages in excess of $5,000.[3] The municipal court therefore erred in ordering transfer of petitioners' personal injury cases to small claims court after each case had been litigated in municipal court, and the superior court abused its discretion in denying the petitions below for writ relief from the transfer orders.

Having reached this conclusion for the reasons discussed above, we need not reach petitioners' argument that transfer to small claims court should be barred in order to preserve a defendant's right to jury trial and to assistance of counsel. Nor are we required to discuss the issues which both petitioners and real parties raise regarding gamesmanship and settlement tactics. We merely observe that requiring a plaintiff to make an election of either small claims court or municipal court as the forum for resolution of a civil claim

---

[3]As the municipal court proceedings in this matter took place prior to the enactment of amendments to the California Constitution, article I, section 16, and article VI, sections 1, 4, 5, 6, 8, 10, 11, 16, and 23, on June 2, 1998, we do not address any issues which may arise from the consolidation of superior and municipal courts with regard to transfer from the consolidated courts to small claims court.

valued at $5,000 or less should reduce the potential for gamesmanship on both sides.

■ Finally, it must be noted that petitioners' contention that their petitions below for writ of mandate were improperly heard by a single judge, rather than a panel of the appellate department of the superior court, is incorrect. A petition for writ of mandate is within the original jurisdiction of the superior court, and may be conducted by the general power of the court and its judges. (*Thomasian* v. *Superior Court* (1953) 122 Cal.App.2d 322, 329 [265 P.2d 165]; *Conway* v. *Municipal Court* (1980) 107 Cal.App.3d 1009, 1019, fn. 2 [166 Cal.Rptr. 246].)

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order of January 5, 1998, denying the petitions for writ of mandate, and to enter a new and different order granting the petitions. Our order temporarily staying all trial court proceedings in these matters is hereby vacated. Each party to bear its own costs in this writ proceeding.

Elia, J., and Wunderlich, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied February 3, 1999.