[Civ. No. 56792. Second Dist., Div. Two. Jan. 28, 1980.]

DEAN FRANCIS PACE, Plaintiff and Appellant, v.
HILLCREST MOTOR COMPANY, INC., Defendant
and Respondent.

Counsel

Dean Francis Pace, in pro. per., and Pace & Johnson for Plaintiff and Appellant.

Gary W. Sawtelle for Defendant and Respondent.

**OPINION**

**FLEMING, J.**—Plaintiff Dean Francis Pace appeals an order dismissing, without leave to amend, his action against Hillcrest Motor Company, Inc. for malicious prosecution. The issue is whether an action for malicious prosecution may be based on an alleged malicious institution of a small claims proceeding.

In May 1978 Hillcrest filed a claim against Pace in the small claims division of the municipal court to recover $167.33 allegedly owing for repairs on Pace's automobile. In June 1978 the small claims court entered judgment in favor of Pace. In November 1978 Pace filed this action in the superior court for $105,000 for Hillcrest's alleged malicious prosecution of the small claims proceeding. Hillcrest demurred to the complaint on the ground, inter alia, that a small claims proceeding is not the type of proceeding which can give rise to a cause of action for malicious prosecution. In February 1979 the superior court sustained the demurrer without leave to amend and dismissed the action for malicious prosecution.

The tort of malicious prosecution lies to compensate an individual who is maliciously hailed into court and forced to defend against a fabricated cause of action. To establish an action for malicious prosecution a plaintiff must allege and prove that the prior proceeding was instituted maliciously and without probable cause, and that it was pursued to legal termination in his favor. Damages are awarded for the expenses (including attorneys' fees) of defending the prior action, for injury to reputation or business standing, and for psychological distress, which is "often magnified by slanderous allegations in the pleadings." (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50-51 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].) To determine whether the tort should be extended to maliciously instituted small claims, we look to the purpose and nature of the small claims process.

A small claims process was established to provide an inexpensive and expeditious means to settle disputes over small amounts. The theory behind its organization was that ordinary litigation "fails to bring practical justice" when the disputed claim is small, because the time and expense required by the ordinary litigation process is so disproportionate to the amount involved that it discourages legal resolution of the dispute. (*Sanderson* v. *Niemann* (1941) 17 Cal.2d 563, 573 [110 P.2d

1025]; *Leuschen* v. *Small Claims Court* (1923) 191 Cal. 133, 137, 138 [215 P. 391].) As a result the small claims process is designed to function quickly and informally. There are no attorneys (Code Civ. Proc., §§ 117.1, 117.4), no pleadings (Code Civ. Proc., §§ 116.4, 116.8), no legal rules of evidence (Code Civ. Proc., § 117), no juries, and no formal findings. (*Sanderson* v. *Niemann, supra,* p. 573.) The judge may informally investigate the controversy and "give judgment and make such orders as to time of payment or otherwise as he deems to be just and equitable for disposition of the controversy." (Code Civ. Proc., § 117, subd. (a).) The judgment is conclusive upon the plaintiff, but the defendant can appeal (Code Civ. Proc., § 117.8). Consequently, "the awards—although made in accordance with substantive law—are often based on the application of common sense; and the spirit of compromise and conciliation attends the proceedings." (*Sanderson* v. *Niemann, supra,* 17 Cal.2d at p. 573.)

It is clear that the small claims court is "not a typical inferior court." (*Sanderson* v. *Niemann, supra,* 17 Cal.2d at p. 575.) Although we recognize that the small claims process can, like more formal proceedings, be abused by malicious institution of unfounded claims, "the thought of the [small claims] statute is that on the whole justice is best subserved by a summary consideration of small controversies without expense to the parties." (*Leuschen* v. *Small Claims Court, supra,* 191 Cal. at p. 137.) ■ To permit an action for malicious prosecution to be grounded on a small claims proceeding would frustrate the intent of the Legislature in adopting an expeditious and informal means of resolving small disputes, would inject into a simple and accessible proceeding elements of time, expense, and complexity which the small claims process was established to avoid, and would require a prudent claimant to consult with an attorney before making use of this supposedly attorney-free method for settling disputes over small amounts.

We conclude that a cause of action for malicious prosecution cannot be grounded on institution of a small claims proceeding.

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 10, 1980. Tobriner, J., Mosk, J., and Manuel, J., were of the opinion that the petition should be granted.