[Civ. No. 30513. Fourth Dist., Div. Three. May 30, 1984.]

MARIE BLACK, Plaintiff and Appellant, v.
HELEN HEPNER, Defendant and Respondent.

COUNSEL

Elaine K. Bunzel and Dennis S. Black for Plaintiff and Appellant.

Portigal, Hammerton & Allen, Alan Portigal and Sebade, Mills, Jones & Carmony for Defendant and Respondent.

OPINION

TROTTER, P. J.—Marie Black (Black) appeals a January 18, 1983 order[1] of the Orange County Superior Court which sustained, without leave to amend, the demurrer of Helen Hepner (Hepner) to her complaint for malicious prosecution. The order stated "court orders action dismissed." However, a judgment of dismissal was never entered.

An order sustaining a demurrer without leave to amend is not an appealable order (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 64,

---

[1]Black's notice of appeal indicates she is appealing the judgment of dismissal entered January 18, 1983.

p. 4078), and an appeal lies only from the ensuing judgment. (*Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 860 [279 P.2d 8].) However, we deem the minute order's intended dismissal of the action tantamount to a judgment of dismissal (*Beazell* v. *Schrader* (1963) 59 Cal.2d 577, 579-580 [30 Cal.Rptr. 534, 381 P.2d 390]),[2] and proceed with Black's appeal.

■ ■ ■ ■ Black sued Hepner alleging malicious prosecution of a small claims court proceeding in which judgment was rendered in favor of Black.[3] Hepner demurred to the complaint claiming an action for malicious prosecution may not be based on institution of a small claims proceeding, relying on *Pace* v. *Hillcrest Motor Co.* (1980) 101 Cal.App.3d 476 [161 Cal.Rptr. 662].

■ Black contends the 1981 amendment to Code of Civil Procedure section 117.18[4] undermines the rationale and effect of *Pace*.

In *Pace* v. *Hillcrest Motor Co., supra,* 101 Cal.App.3d 476, the court affirmed an order dismissing an action for malicious prosecution on the ground a small claims proceeding does not give rise to such a cause of action. After discussing the theory behind the small claims process, the court found "[t]o permit an action for malicious prosecution to be grounded on a small claims proceeding would frustrate the intent of the Legislature in adopting an expeditious and informal means of resolving small disputes,

---

[2]In *Beazell* an order which stated " 'It Is Ordered that the demurrer to the first amended complaint of plaintiff is sustained without leave to amend; and that plaintiff take nothing from defendant,' " was interpreted as incorporating an order of dismissal. Here, the order specifically authorized a dismissal.

[3]A plaintiff seeking damages for malicious prosecution must plead and prove the prior action (1) terminated in his favor; (2) was brought without probable cause; and (3) was initiated with malice. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].)

[4]Code of Civil Procedure section 117.18, as amended, provides as follows: "In each county, individual assistance shall be made available to advise small claims court litigants and potential litigants at no additional charge. Except as otherwise provided in this section, each county may determine the characteristics of the advisory service in accordance with local needs and conditions. The advisory service may be provided in person, by telephone, or by any other means reasonably calculated to provide timely and appropriate assistance. Adjacent counties may provide advisory services jointly. The service shall operate in conjunction and cooperation with the small claims divisions of the courts, but shall be administered in such a manner as to be independent of control of the court. Persons providing assistance may be volunteers and shall be members of the State Bar, law students, paralegals, or persons experienced in resolving minor disputes and familiar with small claims court rules and procedures. Persons providing assistance shall not appear in court as an advocate for any party. The Judicial Council, in consultation with the Department of Consumer Affairs, shall adopt rules to ensure that litigants receive adequate notice of the availability of assistance, to prescribe other qualifications and the conduct of those who provide assistance, and to address other matters as are deemed necessary and appropriate."

Unless otherwise noted, all statutory references are to the Code of Civil Procedure.

would inject into a simple and accessible proceeding elements of time, expense, and complexity which the small claims process was established to avoid, and *would require a prudent claimant to consult with an attorney before making use of this supposedly attorney-free method for settling disputes over small amounts."* (Italics added; *id.,* at p. 479.)[5]

Section 117.18, as amended,[6] requires each county to create and make available an advisory service to render individual assistance to small claims litigants at no additional charge. The section has no direct bearing upon a subsequent malicious prosecution action. Black, however, urges the mandatory availability of an advisory service satisfies the *Pace* court's concern over the need of a prudent claimant to consult with an attorney. Her argument fails for several reasons.

Section 117.18 does not prescribe the nature or extent of the services to be made available. Persons providing assistance need not be members of the bar; they may include law students, paralegals and "persons experienced in resolving minor disputes and familiar with small claims court rules and procedures." Thus, a litigant who avails himself of the service may not necessarily confer with a lawyer nor obtain advice as to the merits of his grievance.[7]

Nor does section 117.18 *require* a litigant to avail himself of the advisory service. Yet, were we to sanction a subsequent malicious prosecution action it would have the effect of requiring a potential litigant to seek assistance, thus making section 117.18 inconsistent with the rationale for the small claims process, i.e., to provide an inexpensive and *expeditious* means to settle disputes over small amounts informally. (*Pace* v. *Hillcrest Motor Co.,* supra, 101 Cal.App.3d 476, 478-479.)

Black further contends a small claims litigant may suffer as much as a litigant in a more formal proceeding. We do not disagree a small claims litigant may be inconvenienced or become emotionally distraught by virtue of the lawsuit. However, the small claims process eliminates, or at least considerably diminishes, the extent of harm to a litigant by its malicious commencement. Thus, although there is potential for abuse of the process

---

[5]Although a small claims litigant may seek the advice of an attorney before or after the commencement of an action, no attorney may take part in the filing or prosecution or defense of the litigation. (§ 117.4.)

[6]Prior to January 1, 1982, the establishment of "small claims legal advisers" was discretionary. However, despite the amendment the person providing assistance may still not appear in court.

[7]And what safeguards are present in the event he is ill advised to pursue his claim and he is later sued for malicious prosecution, i.e., will the county or the provider have any liability for malpractice?

by the "malicious institution of unfounded claims" (*Pace* v. *Hillcrest Motor Co., supra,* 101 Cal.App.3d 476, 479), any deviation from its summary nature because some defendants may be recipients of such abuse would countervail the reason for its existence.

We also recognize a litigant seeking damages of $1,500 or less may file an action in municipal court. Thus, where the small claims process is selected, a defendant who would otherwise have the right to sue for malicious prosecution had the action been brought in municipal court, cannot do so. However, the defendant in a small claims proceeding also benefits from its expeditious and summary nature. Neither the services of a lawyer nor substantial time to defend are required. The same action brought in municipal court could subject a defendant to protracted litigation resulting in substantially more abuse over a longer period of time. Attorney fees and costs of defense may also be incurred. Therefore, we cannot say a defendant permitted to seek damages for the malicious prosecution of a municipal court action receives more favorable treatment than a defendant who cannot bring an action because it arises out of an alleged malicious prosecution of a small claims court action.

Notwithstanding her contention section 117.18 invalidates the holding of *Pace* v. *Hillcrest Motor Co., supra,* 101 Cal.App.3d 476, Black infers *Pace* was incorrectly decided. We disagree. Relying on *Hardy* v. *Vial* (1957) 48 Cal.2d 577 [311 P.2d 494], and *Stanley* v. *Superior Court* (1982) 130 Cal.App.3d 460 [181 Cal.Rptr. 878], she claims "the right to redress for malicious conduct should not depend upon the *form* of the proceeding by which the injury is inflicted." (Italics added; *Hardy* at p. 581.)[8] However, *Hardy* involved the right to seek damages for malicious prosecution arising from an administrative proceeding; *Stanley* held a malicious prosecution action is not barred when the prior litigation terminated after judicial arbitration. Both pertain to the *form* of a proceeding, not to the *court* in which a proceeding is instituted. In fact, *Stanley* distinguishes *Pace* on the grounds no attorneys are permitted in a small claims action; the rules of evidence are not observed; there is no provision for discovery; and there is no pleading.[9]

The Legislature's clear intent was to provide a judicial forum in which individual minor civil disputes may be resolved in an expeditious, inexpensive and fair manner (§ 116.1), and it certainly did not contemplate further litigation arising from alleged malicious prosecution of these matters. Nor

---

[8]We note *Pace* did not mention *Hardy.*

[9]A plaintiff in a small claims action must complete only a form entitled "Claim of Plaintiff and Order."

do we view the mandatory availability of an advisory service as a departure from this attorney-free method for settling disputes.[10] Thus, we conclude the reasoning and logic of *Pace* v. *Hillcrest Motor Co., supra,* 101 Cal.App.3d 476, has not been diluted by the amendment to section 117.18.

The order is affirmed.

Wallin, J., and Sonenshine, J., concurred.

---

[10]Although we acknowledge the amendment to section 117.18 comports with the increase in the jurisdictional limit of small claims actions effective January 1, 1982, we agree with Hepner's contention the increase was probably a result of inflation.