[Civ. No. 22855. Third Dist. Sept. 26, 1984.]

ARTHUR E. COOPER, Plaintiff and Appellant, v.
PIRELLI CABLE CORPORATION, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, the Reporter of Decision is directed to publish the introduction, facts and part I of this opinion.

**COUNSEL**

Maxim M. Bach for Plaintiff and Appellant.

Leon McCaslin for Defendant and Respondent.

**OPINION**

**BYRNE, J.**\*—The issue presented in this appeal is whether a defendant in a small claims action may sue for malicious prosecution after he has successfully appealed a small claims judgment in the superior court. ▮ We hold that an action for malicious prosecution following a small claims appeal is precluded by the judicially created rule prohibiting actions for malicious prosecution founded on small claims and by the rule creating a conclusive

---

\*Assigned by the Chairperson of the Judicial Council.

presumption of probable cause based on a recovery by a plaintiff in an original action.

## FACTS

On September 26, 1979, Pirelli Cable Corporation (Pirelli), respondent and small claims plaintiff below, took appellant Arthur Cooper to small claims court alleging that when Cooper quit Pirelli's employ he failed to return $440.47 advance vacation pay. Pirelli prevailed in the small claims court. On November 28, 1979, Cooper filed a small claims appeal in Colusa County Superior Court. On October 22, 1980, a trial de novo commenced. After the jury had been empanelled and a witness had testified, Pirelli stipulated to the dismissal of the original small claims action with prejudice. Also pursuant to the stipulation, the appeal was dismissed with prejudice. Cooper was awarded costs.

On October 19, 1981, Cooper filed a complaint in Colusa County Superior Court setting out causes against Pirelli for malicious prosecution, abuse of process, negligence, and unfair business practice, all based on Pirelli's alleged wrongful prosecution of the small claims action, which precipitated Cooper's appeal in the superior court. Following demurrers to Cooper's original and amended complaints, the trial court, on May 17, 1982, ruled that the cause of action for abuse of process was barred by the statute of limitation and that the complaint failed to state a cause of action for either negligence or unfair business practice. Trial on the remaining cause for malicious prosecution was set for February 15, 1983.

On January 3, 1983, Pirelli filed a notice of motion for judgment on the pleadings contending that the ruling in *Pace* v. *Hillcrest Motor Co.* (1980) 101 Cal.App.3d 476 [161 Cal.Rptr. 662], precluded Cooper's malicious prosecution action. On January 24, 1983, the trial court, after hearing argument from both counsel, granted Pirelli's motion. The court also disposed of some discovery matters as moot and ordered the February 15, 1983, trial date vacated. On February 9, 1983, the formal order for judgment on the pleadings, from which Cooper now appeals, was filed in the superior court.

## DISCUSSION

## I.

Appellant Cooper's main contention is totally straightforward: an action for malicious prosecution founded on the filing of a small claims action should lie after a defendant appeals a judgment to the superior court. Respondent counters that the fact there has been an appeal from a small claims

judgment should not affect the prohibition on malicious prosecution actions founded on small claims.

█ In order to establish a cause of action for malicious prosecution of a civil suit a plaintiff must plead and prove (1) a prior judicial proceeding, (2) favorably terminated, and (3) that the proceeding was brought maliciously and without probable cause. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]; *Minasian* v. *Sapse* (1978) 80 Cal.App.3d 823, 825 [145 Cal.Rptr. 829].) Strict standards have been imposed by the courts and such actions have been described as "disfavored." (*Norton* v. *John M. C. Marble Co.* (1939) 30 Cal.App.2d 451, 454 [86 P.2d 892]; *Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 847 [92 Cal.Rptr. 179, 479 P.2d 379].)

*Pace* v. *Hillcrest Motor Co., supra,* 101 Cal.App.3d 476, is the leading case on the topic of malicious prosecution and small claims. In *Pace,* Hillcrest had pursued a small claims action against Pace for $167.33, and after judgment was entered in his favor Pace brought a malicious prosecution action against Hillcrest for $105,000. █ █ The court held no action for malicious prosecution can be grounded on the institution of a small claims proceeding: "To permit an action for malicious prosecution to be grounded on a small claims proceeding would frustrate the intent of the Legislature in adopting an expeditious and informal means of resolving small disputes, would inject into a simple and accessible proceeding elements of time, expense, and complexity which the small claims process was established to avoid, and would require a prudent claimant to consult with an attorney before making use of this supposedly attorney-free method for settling disputes over small amounts." (*Id.,* at p. 479; see *Black* v. *Hepner* (1984) 156 Cal.App.3d 656 [202 Cal.Rptr. 799].)

The legislative intent in creating the small claims process was to provide a forum so that minor civil disputes could be resolved in an expeditious, inexpensive and fair manner. (Code Civ. Proc., § 116.1.) It did not contemplate further litigation arising from malicious prosecution actions founded on the institution of a small claims suit. (*Ibid.*)

Appellant argues the fact that since he appealed his case it is distinguished from *Pace.* We disagree.

█ Appellant Cooper's malicious prosecution action is founded, as it must be, on the *original small claim* filed by Pirelli in small claims court. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, §§ 255-261, pp. 2531-2536.) The unequivocal holding of *Pace* is that a small claim will not support an action for malicious prosecution. Appellant's efforts to take

his case outside of *Pace* must fail because it is the original claim which must support an action for malicious prosecution.

■ We note the appeal is also part of less formal small claims procedures. Code of Civil Procedure section 117.10 provides in part: "On appeal the action shall be tried anew. The Judicial Council shall prescribe by rule the practice and procedure on appeal and the time and manner in which the record on appeal shall be prepared and filed. Such rules shall be consistent with subdivisions (a) and (b) of Section 117.8." Section 117.8, subdivision (a), provides: "The [small claims] judgment shall be conclusive upon the plaintiff" and "[t]he defendant may appeal the judgment to the superior court in the county in which the matter was heard," with a restriction not applicable here.[1] California Rules of Court, rule 155, at the time of appellant's appeal from the small claims judgment, provided: "Trial [on appeal in superior court] shall be conducted pursuant to law and rules in all respects as other trials in the superior court except that no written findings of fact or conclusions of law shall be required."[2]

As a practical matter we note that most small claim cases are tried in superior court in a less formal manner than the cases originating in superior court. One court, noting the absence of any case law or statutory authority permitting discovery in an appeal from a small claims judgment, in dictum observed that in order to effectuate the legislative intent of efficient disposition of voluminous small claims, the matter should be tried as it was in the small claims court. (*Burley* v. *Stein* (1974) 40 Cal.App.3d 752, 758-759, fn. 6 [115 Cal.Rptr. 279].) Although *Burley* was decided prior to the adoption of rule 155, we think its general principle remains sound. We believe that the rationale of *Burley* applies to pretrial discovery as well as formal pleadings, making both inappropriate in small claims practice.

Appellant relies heavily on *Stanley* v. *Superior Court* (1982) 130 Cal.App.3d 460, 467-468 [181 Cal.Rptr. 878], wherein this court held that *Pace* v. *Hillcrest Motor Co., supra,* 101 Cal.App.3d 476, did not apply to civil actions terminated by judicial arbitration. *Stanley* is distinguishable from *Pace,* and the instant case by extension. *Pace* was concerned with the *type of former proceeding* that would justify a malicious prosecution action. *Stanley* emphasized that the proceeding terminated by judicial arbitration

---

[1]The provisions of subdivision (b), dealing with a defendant who does not appear at the small claims hearing, are not applicable here.

[2]At the suggestion of the California Judges Association, rule 155 was amended in 1983 to provide: "Trial shall be conducted informally as provided in Code of Civil Procedure section 117 except that attorneys may participate. No tentative decision or statement of decision shall be required."

was a normal civil action with attorneys and extensive discovery, in contrast to a small claims proceeding.

██ We take cognizance of another compelling reason why appellant's claim must fail. The present case is unusual: the *successful* small claims claimant, Pirelli, faces an action for malicious prosecution based on his *successful claim.* ██ ██ The established rule is that a recovery by plaintiff in the original action is regarded as conclusive proof, in the absence of proof of fraud in obtaining the judgment, of the existence of probable cause, notwithstanding the fact that the judgment is reversed on appeal. (*Cowles* v. *Carter* (1981) 115 Cal.App.3d 350, 354-356 [171 Cal.Rptr. 269]; *Gause* v. *McClelland* (1951) 102 Cal.App.2d 762, 764-765 [228 P.2d 91]; *Black* v. *Knight* (1919) 44 Cal.App. 756, 769-770 [187 P. 89]; *Holliday* v. *Holliday* (1898) 123 Cal. 26, 32 [55 P. 703].) The court in *Cowles* v. *Carter, supra,* 115 Cal.App.3d at page 358, explained that the true basis for the rule regarding the conclusive presumption of probable cause could be articulated with the following question: "Did a trier of fact after a fair adversary hearing reach a determination on the merits against the defendant in the prior proceeding? If the answer is in the affirmative, the defendant in that proceeding may not thereafter institute an action for malicious prosecution . . . even though he shows that the determination in question was reversed on appeal or set aside by the trial judge. The rule has its origin in policy considerations . . . that persons who initiate criminal or civil proceedings should not thereafter be subjected to litigation to assess damages against them unless it be shown that they acted without probable cause; that if probable cause is determined by the trier of fact in the prior proceedings, it is not subject to reevaluation. Although in application the rule may result in an occasional injustice, its salutary effect outweighs the detriments."

We perceive no reason why the conclusive presumption of probable cause should not follow a favorable judgment on the merits for a small claims claimant. Accordingly, we hold that, in the absence of any averment of fraud in obtaining the small claims judgment in the present case, appellant's action for malicious prosecution was barred as a matter of law.

Finally, we are impressed by the irony of the rule advanced by appellant which would permit an action for malicious prosecution following a small claims appeal, that is when the small claims plaintiff *won* below, but not from a small claims judgment itself, when the small claims plaintiff *lost* below. Under the rule advanced by appellant, a plaintiff who originally *prevailed* on a small claim, as Pirelli did here, would not be immunized. Under *Pace,* a small claims plaintiff who *lost* on a small claim would be immunized from a subsequent action for malicious prosecution. We will not propagate a rule with such transparent irrationality.

Based on the foregoing, we conclude the trial court properly dismissed appellant's action based on malicious prosecution.

II*

. . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 2, 1985.

---

*See footnote, *ante*, page 294.