101 Cal.Rptr.2d 898 (2000)
85 Cal.App.4th 268
SHERMAN WAY TOWNHOMES, INC., et al., Petitioners,
v.
The SUPERIOR COURT of Los Angeles County, Respondent;
Eugene H. Twarowski III, Inc., et al., Real Parties in Interest.
No. B143003.
Court of Appeal, Second District, Division Four.
December 5, 2000.
Review Granted January 30, 2001.
Review Transferred May 23, 2001.
*899 Richard D. Rome, Van Nuys, for Petitioners.
No appearance, for Respondent.
Hill, Farrer & Burrill and Scott L. Gilmore, Los Angeles, for Real Parties in Interest.
Review Transferred to Court of Appeal May 23, 2001.
CURRY, J.
The trial court overruled petitioners' demurrer to the third amended complaint of real parties in interest, which contains a single claim for malicious prosecution. We conclude that when, as alleged here, parties initiate a cross-action in the superior court, their subsequent stipulation to resolve this cross-action by arbitration does not shield them from a claim for malicious prosecution, and thus we deny the petition for writ of mandate on its merits.

FACTS
The third amended complaint[1] alleges the following facts. Real party in interest Eugene H. Twarowski III (Twarowski) is the sole shareholder of real parties in interest Eugene H. Twarowski, III, Inc., (Inc.) and Buzco Construction Co., Inc., (Buzco). Petitioner Sherman Way Townhomes, Inc., (Townhomes) is a condominium association located in Reseda. Petitioner Gerald N. Silver acted as Townhomes's counsel during the pertinent period.
In April 1995, Townhomes engaged Inc. to provide insurance appraisal services concerning an earthquake loss to Townhomes. After Townhomes refused to pay Inc.'s invoices for services provided, Inc. filed an action against Townhomes in the superior court to recover its fees. Silver represented Townhomes in this action. Townhomes subsequently filed a cross-complaint against Inc., Buzco, and Twarowski for, inter alia, breach of contract, negligent misrepresentation, bad faith, professional negligence, breach of fiduciary *900 duty, fraud in the inducement, rescission, and an accounting. Upon receipt of the cross-complaint, real parties in interest advised Townhomes that most of the claims in the cross-complaint were barred by the doctrine of arbitral immunity.
Before trial, the parties agreed to resolve the action and cross-action by binding arbitration pursuant to a written stipulation. The stipulation provided in pertinent part: "`1. It is the intent of the parties that this action shall be disposed of by way of binding arbitration and subsequent judgment thereon.... [¶] 6. Except as modified by this Stipulation between the parties, the arbitration shall be governed by the California Code of Civil Procedure. The arbitrator shall be empowered to try the case and hear all pre-trial and post-trial motions as if he were a sitting judge of the Superior Court. The arbitrator shall issue a Statement of Decision upon the conclusion of the arbitration, and the provisions of California Code of Civil Procedure, Section 632, and California Rules of Court, Rule 232, shall apply.'" Real parties in interest entered into the stipulation to avoid a lengthy delay in trial before the superior court and to reduce expenses in prosecuting the action and defending against the cross-complaint.
The parties agreed that the arbitration would proceed before retired Judge Arthur Baldonado. Prior to evidentiary hearings on the complaint and cross-complaint, Judge Baldonado granted real parties in interest's motion for summary judgment on all of Townhomes's claims, with the exception of its claims for fraud in the inducement and rescission. Following evidentiary hearings in October 1998 and June 1999, Judge Baldonado found in favor of Inc. on its complaint, and against Townhomes with respect to its remaining claims in the cross-complaint. On November 15, 1999, the superior court granted Twarowski's petition to confirm Judge Baldonado's award with respect to all matters material here.

RELEVANT PROCEDURAL HISTORY
Inc., Buzco, and Twarowski subsequently filed an action for malicious prosecution against Townhomes and Silver. In addition to the facts alleged above, their third amended complaint asserted that Townhomes's cross-complaint was factually and legally without merit, that there was no probable cause for a cross-action, and that malice had motivated Townhomes and Silver to file the cross-complaint.
On April 19, 2000, Townhomes and Silver demurred to the third amended complaint. The trial court overruled the demurrer on May 25, 2000. Townhomes and Silver filed their petition for writ of mandate on July 21, 2000. We issued our order to show cause and temporary stay on September 20, 2000.

DISCUSSION
Townhomes and Silver contend that the trial court erred in overruling their demurrer.

A. Standard of Review

"Because a demurrer both tests the legal sufficiency of the complaint and involves the trial court's discretion, an appellate court employs two separate standards of review on appeal. [Citation.] ... Appellate courts first review the complaint de novo to determine whether or not the ... complaint alleges facts sufficient to state a cause of action under any legal theory, [citation], or in other words, to determine whether or not the trial court erroneously sustained the demurrer as a matter of law. [Citation.]" (Cantu v. Resolution Trust Corp. (1992) 4 Cal.App.4th 857, 879, 6 Cal. Rptr.2d 151, fn. omitted.)
"Second, if a trial court sustains a demurrer without leave to amend, appellate courts determine whether or not the plaintiff could amend the complaint to state a cause of action. [Citation.]" (Cantu v. *901 Resolution Trust Corp., supra, 4 Cal. App.4th at p. 879, fn. 9, 6 Cal.Rptr.2d 151.)
Here, the trial court denied petitioners' demurrer, and thus the only issue before us is whether facts, as alleged, state a claim for malicious prosecution.

B. Stipulation to Binding Arbitration

Petitioners contend that the stipulation to arbitrate the underlying action, as alleged in the complaint, barred any subsequent action for malicious prosecution. We disagree.
"[T]o establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiffs, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations].' [Citations.]" (Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863, 871-872, 254 Cal. Rptr. 336, 765 P.2d 498.)
As our Supreme Court explained in Bertero v. National General Corp. (1974) 13 Cal.3d 43, 50-51, 118 Cal.Rptr. 184, 529 P.2d 608, "[t]he malicious commencement of a civil proceeding is actionable because it harms the individual against whom the claim is made, and also because it threatens the efficient administration of justice. The individual is harmed because he is compelled to defend against a fabricated claim which not only subjects him to the panoply of psychological pressures most civil defendants suffer, but also to the additional stress of attempting to resist a suit commenced out of spite or ill will, often magnified by slanderous allegations in the pleadings.... [¶] The judicial process is adversely affected by a maliciously prosecuted cause not only by the clogging of already crowded dockets, but by the unscrupulous use of the courts by individuals `... as instruments with which to maliciously injure their fellow men.' [Citation.]" (Quoting Teesdale v. Liebschwager et al. (1919) 42 S.D. 323, 325, 174 N.W. 620.)
The court in Bertero also observed that "[t]he harm to society and to the individual cross-defendant caused by the filing of a cross-pleading without probable cause and with malice is substantially similar to that occasioned by the filing of a complaint or other initial pleading known to be false or meritless." (Bertero v. National General Corp., supra, 13 Cal.3d at p. 51, 118 Cal.Rptr. 184, 529 P.2d 608.) For that reason, a cross-action is treated as a separate action for the purposes of malicious prosecution, and not as a mere adjunct to the action initiated by the complaint. (Ibid.)
Petitioners do not dispute that real parties in interest prevailed on the merits on Townhomes's cross-complaint. Generally, "[i]t is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits. However, termination must reflect on the merits of the underlying action. [Citation.]" (Lackner v. LaCroix (1979) 25 Cal.3d 747, 750, 159 Cal.Rptr. 693, 602 P.2d 393.) Thus, even "[a] voluntary dismissal may be an implicit concession that the dismissing party cannot maintain the action and may constitute a decision on the merits. [Citations.]" (Eells v. Rosenblum (1995) 36 Cal.App.4th 1848, 1855, 43 Cal.Rptr.2d 323.) Here, the third amended complaint alleges that the parties voluntarily agreed to resolve their respective actions through binding arbitration, that the arbitrator issued an award on the merits favorable to real parties in interest on the complaint and cross-complaint, and that the award was confirmed in the underlying action. So confirmed, the award has the force and effect of a judgment in a civil action. (6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 518, p. 957.)
Instead, relying on Sagonowsky v. More (1998) 64 Cal.App.4th 122, 75 Cal.Rptr.2d *902 118, petitioners contend that the confirmed award is not the result of a prior action for the purposes of malicious prosecution because the parties resorted to arbitration to resolve the underlying action and cross-action. In the cited case, Sagonowsky bought a building pursuant to a contract of sale containing an arbitration clause. Under this clause, the parties agreed to arbitration on "`[a]ny dispute or claim in law or equity arising out of [the] contract or any resulting transaction,'" with the exception of "`(a) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or real property sales contract ... (b) an unlawful detainer action, (c) the filing or enforcement of a mechanic's lien, (d) any matter which is within the jurisdiction of a probate court, or (e) an action for bodily injury or wrongful death, or for latent or patent defects....'" (Id at p. 125, fn. 1, 75 Cal.Rptr.2d 118.) She then entered into a tenancy in common agreement with Searle and two other individuals regarding the building. (Id at pp. 125-126, 75 Cal. Rptr.2d 118.) This agreement contained an arbitration clause requiring arbitration of "`any dispute regarding [the tenancy in common] Agreement or the duties, obligations and benefits of ownership in the [building].'" (Id at p. 126, 75 Cal.Rptr.2d 118.)
Searle subsequently demanded arbitration under the contract of sale and tenancy in common agreement, alleging that she had been unlawfully induced to advance Sagonowsky funds required to repair and upgrade the building. (Sagonowsky v. More, supra, 64 Cal.App.4th at p. 126, 75 Cal.Rptr.2d 118.) Sagonowsky and the other tenants in common filed an action in superior court, and Searle successfully moved to compel arbitration. (Ibid.) After the arbitrator returned an award unfavorable to Searle, Sagonowsky and another tenant in common sued Searle's attorney for malicious prosecution. (Id at pp. 126-127, 75 Cal.Rptr.2d 118.)
The court in Sagonowsky held that a private contractual arbitration under such circumstances was not a "prior action" for the purposes of malicious prosecution, reasoning that the contrary conclusion would undermine contractual arbitration as a "`speedy and relatively inexpensive'" alternative to litigation in court. (Sagonowsky v. More, supra, 64 Cal.App.4th at pp. 132-134, 75 Cal.Rptr.2d 118, quoting Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street (1983) 35 Cal.3d 312, 322, 197 Cal.Rptr. 581, 673 P.2d 251, italics omitted.) Noting that contractual arbitration permits parties to define the extent to which their disputes will be resolved outside the courts, the Sagonowsky court placed special emphasis on the fact that, prior to any dispute, the parties had executed arbitration agreements that governed a broad class of disputes but narrowly limited their rights to judicial remedies, and that they had not provided for malicious prosecution litigation following arbitration. (Sagonowsky, at pp. 132-134, 75 Cal.Rptr.2d 118.)
Here, the facts, as alleged in the third amended complaint, differ materially from those in Sagonowsky. In Sagonowsky, the parties entered into arbitration agreements prior to their disputes, and neither Searle nor Searle's counsel initiated an action in superior court (aside from filing a meritorious motion to compel arbitration). By contrast, no arbitration agreement predated the underlying litigation here. Inc. and Townhomes initiated their respective actions in superior court, and subsequently, the parties stipulated to resolve these actions by binding arbitration.
Furthermore, unlike the broad arbitration agreements in Sagonowsky, the stipulation, as alleged here, evidences only an intent by the parties to resolve the underlying action and cross-action. On demurrer, we construe a complaint liberally in favor of its legal sufficiency. (Porten v. University of San Francisco (1976) 64 Cal. App.3d 825, 833, 134 Cal.Rptr. 839.) Here, the third amended complaint alleges that *903 the purpose of the stipulation was to resolve the pertinent action and cross-action between the parties. Although the complaint does not describe the full terms of the stipulation, the provisions alleged state: "`It is the intent of the parties that this action shall be disposed of by way of binding arbitration and subsequent judgment thereon.'" (Italics added.) In view of these allegations, we cannot conclude on demurrer that the stipulation barred derivative actions, such as a malicious prosecution action. (Shaw v. Metro-Goldwyn-Mayer, Inc. (1974) 37 Cal.App.3d 587, 597-599, 113 Cal.Rptr. 617.) Thus, under the allegations of the third amended complaint, Townhomes's cross-action caused the harms that motivate and justify the tort of malicious prosecution before the parties stipulated to arbitration, and this stipulation was merely the means by which this harmful cross-action was terminated in a manner favorable to real parties in interest.
In our view, the situation before us falls outside Sagonowsky, and is governed by Stanley v. Superior Court (1982) 130 Cal. App.3d 460, 181 Cal.Rptr. 878. The underlying litigation in Stanley was a municipal court action against a corporation, which ended with an award in a judicial arbitration proceeding that denied the plaintiffs' claim. (Id. at p. 463, 181 Cal. Rptr. 878.) The corporation then sued the plaintiffs and their attorneys for malicious prosecution. (Ibid.) After the trial court denied a motion for summary judgment by the attorneys, they sought relief by writ, contending that an award in a judicial arbitration cannot support a claim for malicious prosecution. (Id. at p. 466, 181 Cal. Rptr. 878.) Citing Pace v. Hillcrest Motor Co. (1980) 101 Cal.App.3d 476, 161 Cal. Rptr. 662, which stands for the proposition that a small claims action will not support a malicious prosecution claim, they argued that judicial arbitrations should be treated on a par with small claims proceedings. (Ibid.)
The court in Stanley rejected this contention and distinguished Pace, pointing to the difference between initiating a small claims action and terminating a civil action by arbitration. (Stanley v. Superior Court, supra, 130 Cal.App.3d at p. 467, 181 Cal.Rptr. 878.) The key issue before it, the Stanley court stated, was not, as in Pace, whether a specific type of proceeding caused sufficient harm to justify a malicious prosecution action, but whether a particular manner of terminating a civil action "should bar a malicious prosecution action already justified." (Stanley v. Superior Court, supra, 130 Cal.App.3d at p. 467, 181 Cal.Rptr. 878.) Observing that the municipal court action had generated the injuries for which a malicious prosecution action is intended to recompense, the Stanley court held that there was no material difference between a judgment after an arbitration award and a judgment after trial, citing the procedural resemblances between judicial arbitration and trial on the merits.[2] (Id at pp. 468-469, 181 Cal. Rptr. 878.)
Here, as in Stanley, the key issue in not whether Townhomes's cross-action allegedly caused the harms that justify a malicious prosecution action, but whether the manner in which this cross-action was terminated bars such an action. We recognize that the statutory schemes governing judicial arbitration and contractual arbitration are "mutually exclusive and independent of each other" (Code Civ.Proc, § 1141.30), and that these forms of arbitration differ in several respects, most notably, parties to contractual arbitration, unlike parties to judicial arbitration, have considerable freedom to tailor the arbitration process. (See Mercury Ins. Group v. *904 Superior Court (1998) 19 Cal.4th 332, 344-345, 79 Cal.Rptr.2d 308, 965 P.2d 1178.)
However, the parties to the arbitration stipulation in this case exercised this freedom to fashion a procedure for resolving their respective civil actions that resembles judicial arbitration or trial before a referee (Code Civ.Proc., § 638), and the statutes governing contractual arbitration permit the creation of such procedures. (See Old Republic Ins. Co. v. St. Paul Fire & Marine Ins. Co. (1996) 45 Cal. App.4th 631, 635-639, 53 Cal.Rptr.2d 50.) The parties could have executed an agreement that expressly barred derivative tort actions, but as we have explained, the arbitration stipulation, as alleged here, is reasonably construed as permitting a malicious prosecution action following confirmation of the award. Accordingly, on demurrer, the arbitration stipulation does not bar a claim for malicious prosecution under the rationale in Stanley.

C. Malicious Prosecution Claim Against An Attorney

Petitioners also contend that Silver was improperly named as a defendant. They argue that Silver served as Townhomes's counsel in the underlying action, and as such, his sole duties were to his clients, and not to any third parties. In addition, they argue that real parties in interest failed to seek an order permitting an action against him under Civil Code section 1714.10, which requires such orders when a claim for civil conspiracy is alleged against attorneys and their counsel.
We reject petitioners' characterization of Silver's duties. Under Code of Civil Procedure section 128.7, attorneys who file or advocate a complaint certify that they have determined, following reasonable inquiry, that the complaint is meritorious and not presented primarily for an improper purpose. Moreover, as this court recently explained, "[a]n attorney may be sued and held separately liable by a third party for malicious prosecution based on representation of a client where there is no probable cause and no tenable basis for pursuing the underlying action," and Civil Code section 1714.10 is inapplicable to actions of this kind. (Westamco Investment Co. v. Lee (1999) 69 Cal. App.4th 481, 487-488, 81 Cal.Rptr.2d 634.) Accordingly, petitioners' contentions are meritless.

DISPOSITION
The petition for writ of mandate is denied. The alternative writ, having served its purpose, is discharged, and the temporary stay order is lifted upon finality of this decision. Real parties in interest are awarded their costs.
CHARLES S. VOGEL, P.J., and EPSTEIN, J., concur.
NOTES
[1] The complaint incorporates by reference a number of documents. Because these documents are the foundation of Townhomes's complaint, we treat the statements in these documents as allegations essential to its claims. (See 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 391, p. 488.)
[2] The court in Stanley acknowledged that parties to a judicial arbitration, unlike parties to a trial on the merits, have the right to trial de novo, but concluded that this difference was immaterial to an action for malicious prosecution, citing Hardy v. Vial (1957) 48 Cal.2d 577, 581, 311 P.2d 494. (Stanley v. Superior Court, supra, 130 Cal.App.3d at p. 469, fn. 1, 181 Cal.Rptr. 878.)