MANUEL L. REAL, UNITED STATES DISTRICT JUDGE
Before the Court is Defendant Infinity Insurance Company's ("Defendant") Motion to Dismiss, filed on December 6, 2018. (Dkt. No. 14). Having been thoroughly *1078 briefed by the parties, this Court took the matter under submission on January 2, 2019.
Plaintiff William Leroy Hennessy ("Plaintiff") alleges that Defendant issued to him an automobile insurance policy. The policy provided liability coverage for "property damage," defined under the contract as "physical damage to tangible property, including destruction or loss of its use, which is caused solely by an accident covered under this policy and occurring while the policy is in force." The contract goes on to state that Defendant will pay damages up to the policy limits for "property damage for which an insured person is legally liable because of an accident originating from the operation of the insured auto." On May 22, 2016, Plaintiff struck the vehicle of non-party Jay Photoglou, resulting in damage to Photoglou's vehicle. Photoglou made a claim for the damages to his vehicle. Defendant paid to repair the physical damage to Photoglou's vehicle but refused to pay for the alleged additional decrease in market value to his car due to non-physical "stigma damages." Photoglou sued Plaintiff in the Superior Court of the State of California for the County of Orange, Small Claims Division seeking those additional damages, which Photoglou labeled as "[d]iminished value to vehicle due to 'stigma/diminished value' as a result of the hit and run police report and its affect [sic] on public records such as 'CarFax' but not limited to 'CarFax.' " On June 22, 2017, Plaintiff and Photoglou stipulated to the entry of judgment against Plaintiff in the amount of $ 10,000 "for diminished value." Plaintiff sought to have the judgment paid by Defendant, which refused on the ground that inherent diminished value, or "stigma damages," were not covered by Plaintiff's policy. Plaintiff then filed the instant action asserting seven causes of action: (1) breach of contract; (2) fraud, misrepresentation and deceit, including relief under California Penal Code Section 496(c) ; (3) consumer legal remedies action, California Civil Code Sections 1770, et seq. ; (4) violation of California Business and Professions Code Sections 17203 and 17204 ; (5) violation of RICO; (6) triple damages and attorneys' fees under Penal Code Section 496(c) ; and (7) class action claims. Defendant now moves for summary judgment under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.
Dismissal under Rule 12(b)(6) is proper when a complaint exhibits either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't , 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal , 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the...claim is and the grounds upon which it rests." Twombly , 550 U.S. at 547, 127 S.Ct. 1955 ; Iqbal , 556 U.S. at 698, 129 S.Ct. 1937. "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Sprewell v. Golden State Warriors , 266 F.3d 979, 988 (9th Cir. 2001).
First Cause of Action: Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing
To state a claim for breach of contract, a plaintiff must identify some contractual provision that has been breached. See Reichert v. Gen. Ins. Co. , 68 Cal. 2d 822, 830-31, 69 Cal.Rptr. 321, 442 P.2d 377 (1968). Here, Plaintiff alleges that Defendant breached the duty to defend and *1079 the duty to pay for damages to Photoglou's vehicle in connection with the accident between Photoglou and Plaintiff. In addition, Plaintiff takes the inconsistent position that the insurance contract is "void and unenforceable" because it was written using terms that would be confusing to the average consumer. The parties do not dispute that Photoglou's vehicle sustained "property damage for which an insured person is legally liable because of an accident originating from the operation of the insured auto," and which was covered under Plaintiff's policy in effect at the time of the accident. However, Defendant asserts that it paid all damages to Photoglou which were covered under the policy, while Plaintiff contends that it did not.
In support of this position, Plaintiff cites to California case law and Civil Jury Instructions regarding the calculation of damages, which are irrelevant to the enforceability and interpretation of the contract at issue, as well as to multiple sections of the California Insurance Code. Insurance Code Section 22 merely defines the term "Insurance," and the policy at issue here does not conflict with that definition. Section 530, titled "Proximate Cause," states that "[a]n insurer is liable for a loss of which a peril insured against was the proximate cause..." Section 660, which defines "automobile physical damage coverage" and similar terms, contains the qualifier "insured under the policy" within the relevant definitions. The emphasized language from Sections 530 and 660 suggest that certain exclusions from coverage may be included in an insurance contract without violating the law.
The terms of Plaintiff's insurance contract and the meaning of those terms are clear from the document's plain language. The policy provides coverage for "property damage," meaning "physical damage to tangible property," and it clearly and specifically excludes from coverage "loss...[t]o the insured auto for diminution of value," also known as "stigma damages." Diminution in value, including stigma damages, "is not itself a form of physical damage." Copelan v. Infinity Insurance Co. , 728 Fed. App'x 724, 725 (9th Cir. 2018). Although the Ninth Circuit Court of Appeals' held in Copelan that "diminution in value...is an accepted way of measuring damage," the Court also explicitly stated that stigma damages were not covered by the Infinity insurance policy, which contained the same relevant language as Plaintiff's policy here. Plaintiff mischaracterizes the discussion of stigma damages in Copelan to say that the Court of Appeals merely recognized that stigma damages not caused by physical damage are excluded from the policy; however, in reality, the Court explained without any caveat that no stigma damages are covered by the policy. This exclusion does not conflict with the California Insurance Code provisions cited above. Accordingly, to the extent Plaintiff's claim is premised on a breach of the duty to pay, the plain language of the contract conclusively establishes that Defendant had no duty to pay under these circumstances, and the Complaint fails to state a claim.
To the extent Plaintiff's breach of contract claim is premised on a breach of the duty to defend, the Complaint again fails to state a claim. First, Defendant had no duty to defend against a claim that was not covered by the policy, and it has been clearly established that stigma damages, which Photoglou explicitly sought in the small claims action, are not covered by Plaintiff's policy. Second, Defendant could not have defended Plaintiff in the small claims action since representation by an attorney is prohibited in small claims courts. See *1080 Rosenberg v. Superior Court , 67 Cal. App. 4th 860, 865, 79 Cal.Rptr.2d 365 (1998) ; Pace v. Hillcrest Motor Co. , 101 Cal. App. 3d 476, 479, 161 Cal.Rptr. 662 (1980) (small claims court is an "attorney-free method for settling disputes").
To the extent Plaintiff's breach of contract claim is premised on a breach of the implied covenant of good faith and fair dealing, the Complaint again fails to state a claim. In Carson v. Mercury Insurance Company , the California Court of Appeal found "nonsensical" a similar argument that it was a breach of the covenant of good faith and fair dealing to sell a policy eliminating coverage for diminution in value. 210 Cal. App. 4th 409, 430, 148 Cal.Rptr.3d 518 (2012). Where there has been no breach of the insurance contract itself because there was no coverage, there can be no breach of the implied covenant. See, e.g. , Gunderson v. Fire Ins. Exch. , 37 Cal. App. 4th 1106, 1119, 44 Cal.Rptr.2d 272 (1995). Since Plaintiff failed to point to any breach of the insurance contract, there was no breach of the implied covenant of good faith and fair dealing.
Second Cause of Action: Fraud, Misrepresentation and Deceit, Including Relief under California Penal Code Section 496(c)
Plaintiff next alleges fraud, misrepresentation, and deceit "[i]n the marketing, advertisements and promotion of the policy of insurance...lead[ing] Plaintiff Hennessy and the public to believe the policy was to cover losses and damages to the insured vehicle, along with liability coverage, subject to a deductible as agreed..." In addition, Plaintiff alleges that Defendant failed to disclose to Plaintiff and the public its intention not to pay for certain losses and damages to insured vehicles or certain liability claims against policyholders.
To state a claim for fraud, Plaintiff must plead facially plausible facts establishing: (1) a misrepresentation (i.e. false representation, concealment, or nondisclosure); (2) that the defendant knew the misrepresentation was false; (3) that the defendant intended to induce reliance upon the misrepresentation; (4) justifiable reliance by the plaintiff on the misrepresentation; and (5) resulting damage. See Engalla v. Permanente Med. Group, Inc. , 15 Cal. 4th 951, 974, 64 Cal.Rptr.2d 843, 938 P.2d 903 (1997) (citing Lazar v. Superior Court , 12 Cal. 4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996) ). Federal Rule of Civil Procedure 9(b) adds the additional pleading requirement that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."
Plaintiff does not point to any specific marketing, advertisements, or promotion of Defendant's insurance policies which were allegedly fraudulent or deceitful. Plaintiff does not even allege that such marketing, advertisements, or promotional materials actually made any representations whatsoever about Defendant's products, except that Defendant sold automobile insurance. Rather, Plaintiff's second cause of action relies almost entirely on Plaintiff's unilateral understanding and preconceptions about the term "automobile insurance" and what an automobile insurance policy should cover, despite the fact that Plaintiff's understanding regarding coverage for stigma damages directly conflicts with the clear language of his insurance contract excluding such damages. The Complaint does not state a claim for fraud, misrepresentation, or deceit with the requisite specificity.
Plaintiff's claim under California Penal Code Section 496 also fails as a matter of law because Section 496(c) merely gives a plaintiff the right to seek triple damages, *1081 costs, and attorneys' fees for a violation of Section 496(a) or (b), which are not applicable in this case. Section 496(a) makes it a crime only to receive or conceal stolen property, and Section 496(b) applies only to swap meet vendors, others in the business of dealing in or collecting merchandise or personal property, and agents of such persons who receive property under circumstances indicating that the property may be stolen. Cal. Pen. Code § 496(a), (b). The property must be stolen at the time it is received or concealed, which Plaintiff has not alleged here. See Lacagnina v. Comprehend Sys., Inc. , 25 Cal. App. 5th 955, 968-69, 236 Cal.Rptr.3d 641 (2018). Plaintiff fails to state a claim under Penal Code Section 496 or any other basis for fraud, misrepresentation, or deceit.
Third Cause of Action: Consumer Legal Remedies Act
Plaintiff's Consumer Remedy Action fails as a matter of law. The Consumers Legal Remedies Act (CLRA) prohibits specified unfair and deceptive acts and practices in a "transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770 et. seq. The California Supreme Court has held that insurance is neither a good nor a service within the meaning of the CLRA. See Civil Service Employees Ins. Co. v. Superior Court , 22 Cal. 3d 362, 376, 149 Cal.Rptr. 360, 584 P.2d 497 (1978). Plaintiff does not dispute this but instead takes the position that life insurance is not analogous to automobile insurance since the latter is tied to a tangible item of personal property. However, the California Supreme Court has not differentiated between types of insurance, and this Court is unconvinced by Plaintiff's argument for adopting a new interpretation of California law. The CLRA is inapplicable to this case.
Fourth Cause of Action: Violation of California Business and Professions Code Sections 17203 and 17204
Plaintiff seeks injunctive relief and restitution under California Business and Professions Code Sections 17203 and 17204, claiming "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising..." Plaintiff's reliance on Kwikset Corp. v. Superior Court , 51 Cal. 4th 310, 120 Cal.Rptr.3d 741, 246 P.3d 877 (2011) and Davidson v. Kimberly-Clark Corp. , 873 F.3d 1103 (9th Cir. 2017) is misplaced, as neither supports his case. The California Supreme Court addressed only the issue of standing in Kwikset . In Davidson , the Ninth Circuit Court of Appeals addressed the sufficiency of the plaintiff's pleadings under Rule 9(b) as well as the issue of standing. Defendant does not claim that Plaintiff lacks standing but does dispute the sufficiency of the Complaint under Rule 9(b).
This fourth cause of action is based on Plaintiff's conclusory allegations that "Defendant Infinity Insurance knowingly advertised, promoted and misrepresented [and] concealed...pertinent facts or purported insurance policy provisions relating to any coverages at issue...and concealed its intent to deny the benefits of the Policy..." Plaintiff further alleges that, "[w]hen presented a proper claim, Defendant Infinity Insurance failed to effectuate prompt, fair, and equitable settlement of the claims and refused to comply with the legal obligations of an insurer who had marketed and sold what was represented to be an 'Insurance' contract."
As with the second cause of action, here Plaintiff does not point to any specific marketing, advertisements, or promotion of Defendant's insurance policies which were allegedly fraudulent or deceitful and instead relies upon his own preconceptions *1082 regarding what an insurance policy should cover. Thus, to the extent the claim is based on fraud, this is insufficient to satisfy the heightened pleading requirement under Rule 9(b). To the extent the claim is based on Defendant's acts or practices being unlawful, unfair, deceptive, untrue, or misleading, the claim also fails under the Twombly - Iqbal pleading standard. 'It is a well-established principle that an insurer has the right to limit policy coverage in plain and understandable language and that it may limit the nature of the risk it undertakes to assume," so long as it does not do so in a way that violates the law or public policy. Carson , 210 Cal. App. 4th at 425, 148 Cal.Rptr.3d 518. In Carson , the California Court of Appeal determined that a policy excluding stigma damages from coverage did not violate law or public policy. The policy here does the same, and it does so in plain and understandable language.
Plaintiff also cites to Insurance Code Section 790.03 and California Penal Code Section 550. However, California courts have recognized that there is no private right of action for violation of Insurance Code Section 790.03. Moradi-Shalal v. Fireman's Fund Ins. Cos. , 46 Cal. 3d 287, 304-305, 250 Cal.Rptr. 116, 758 P.2d 58 (1988). Penal Code Section 550 is also inapplicable, as it was designed to "criminalize the making of false or fraudulent claims to insurers." See, e.g. , State ex rel. Nee v. Unumprovident Corp. , 140 Cal. App. 4th 442, 447, 44 Cal.Rptr.3d 491 (2006). Accordingly, Plaintiff fails to state a claim under California Business and Professions Code.
Fifth Cause of Action: Violation of Federal Racketeering Influenced and Corrupt Organizations Act ("RICO")
Next, Plaintiff makes a claim under RICO, 18 U.S.C. §§ 1961, 1962 et seq. Under binding Ninth Circuit precedent, a RICO claim must satisfy the heightened pleading requirements of Rule 9(b). Moore v. Kayport Package Express, Inc. , 885 F.2d 531, 541 (9th Cir. 1989) ("We have applied the particularity requirements of rule 9(b) to RICO claims. Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.") (internal citation omitted); Schreiber Distributing Co. v. Serv-Well Furniture Co. , 806 F.2d 1393, 1400-01 (9th Cir. 1986).
Plaintiff's allegations are broad and generic. As discussed in relation to the second cause of action, Plaintiff has not referenced a single particular advertisement or promotion to support his allegations. The only referenced communications made by or on behalf of Defendant are a letter sent by Defendant directly to Photoglou rejecting his claim for "diminished value" or "stigma damages" and another letter sent by the law firm Sheppard, Mullin, Richter & Hampton to a third-party claimant seeking inherent diminished value damages. The first letter simply explains that the additional damages sought by Photoglou were not covered by Plaintiff's policy, while the latter provides several additional details. Plaintiff contends that the second letter, which includes the statement "you are under no obligation to disclose pre-existing damage or repairs to subsequent purchasers of your vehicle" amounts to "mail fraud;" however, neither that simple statement of fact nor any other portion of the letter supports an inference that Defendant has engaged in or encouraged a pattern of criminal activity.
Plaintiff has failed to meet the heightened pleading requirements of Rule 9(b). Accordingly, Plaintiff fails to state a claim for RICO.
*1083 Sixth Cause of Action: Triple Damages & Attorneys' Fees under Penal Code Section 496(c)
Plaintiff's sixth cause of action is derivative of his other claims. Because Plaintiff failed to state a claim on any cause of action, his request for triple damages and attorneys' fees must also be denied.
Seventh Cause of Action: Class Action
Plaintiff's seventh cause of action is predicated on the same claims brought by Plaintiff as an individual and on behalf of the State of California, which have been rejected in their entirety as explained above. Accordingly, Plaintiff's seventh cause of action is dismissed.
IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED. (Dkt. No. 14).